Richard **WARING**, Plaintiff,

v.

**WILLIAM MORROW & COMPANY, INC.**, Defendant.

Civ. A. No. H–92–1478.

United States District Court,
S.D. Texas,
Houston Division.

April 14, 1993.

---

Bill R. Jones, Livingston, TX and Mark William Long, Riddle & Long, Houston, TX, for plaintiff.

William Wesley Ogden, Ogden Gibson & White, Houston, TX, for defendants.

Robert Stephen Ferrell, Jr., Giessel Stone Barker & Lyman and Craig E. Ferrell, Jr., Director of Legal Services, Houston, TX, for movant.

## *ORDER*

### NORMAN W. BLACK, Chief Judge.

This defamation action relates to the publication by Defendant of a book entitled "Sleeping With the Devil." Plaintiff alleges that the book libels him by describing him as an informant, snitch and contact cultivated in the shadows of the night and by giving the impression that Plaintiff has information that could put his life in danger. The complaint as against the author has been dismissed without prejudice pursuant to Rule 4(j) for failure to obtain service. Defendant William Morrow & Company, the publisher of the book, has moved for summary judgment supported by affidavits, deposition testimony, and a transcript of an interview with Plaintiff by the book's author. Plaintiff has filed his opposition to the motion for summary judgment, and has moved to file an amended complaint adding a claim for false light invasion of privacy. Defendant opposes the motion to amend, and has asked the Court to strike an amended complaint filed by Plaintiff without leave. The Court has reviewed the pending motions which are now ripe for decision.

■ The United States Supreme Court has held that a motion for summary judgment is properly granted unless there is evidence "on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the Plaintiff is entitled to a verdict." *Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Rule 56, no longer a disfavored procedure in federal practice, is an integral part of the Federal Rules of Civil Procedure and recognizes a party's right to demonstrate that certain claims have no factual basis and to have those unsupported claims disposed of prior to trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the case at bar, Plaintiff has failed to raise a genuine issue of material fact and Defendants are entitled to summary judgment.

■ Initially, the Court notes that it is a question of law whether the statements in the book are capable of a defamatory meaning. *Old Dominion Branch No. 496 v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Carr v. Brasher,* 776 S.W.2d 567 (Tex.1989). In the case at bar, the Court has read in full the passages relating to Plaintiff and finds that they are unambiguously non-defamatory. Plaintiff is portrayed in the book as a private investigator who comes into possession of information regarding a planned homicide and reports the information promptly to a friend with the police department so that steps can be taken to prevent the woman's death, all with the knowledge that these actions could place his own life in danger. This is not capable of a

defamatory meaning; indeed, it is highly laudatory.

Plaintiff argues that the language on page 294 of the book regarding "informants, snitches, contacts ... cultivated in the shadows of the night" is capable of a defamatory meaning precluding summary judgment. Plaintiff cannot avoid summary judgment, however, by taking statements out of context in an attempt to argue that they are capable of a libelous meaning. *Raymer v. Doubleday & Company, Inc.*, 615 F.2d 241, 245 (5th Cir.), *cert. denied* 449 U.S. 838, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980). The segment in which the statement appears is as follows:

> The two cops thought along very different lines. With Kenny, everything was black and white. John Liles existed in a sea of gray. His colleagues and companions were informants, snitches, contacts he cultivated in the shadows of the night. Where Kenny Williamson was direct and modest, John Liles was, by nature, furtive, mysterious ...

It is apparent that the statement cited by Plaintiff refers not to Plaintiff, but to Liles and is used to emphasize the contrast between the two criminal investigators. It is repeatedly made clear in the book, and admitted by Plaintiff, that Plaintiff and Liles were friends and "drinking buddies" and it was for this reason that Plaintiff contacted Liles with his information. Plaintiff's attempt to take this statement out of context to raise a question of fact regarding defamatory meaning must fail, and Defendant is entitled to summary judgment.

■ Defendant's motion for summary judgment should also be granted on the basis of substantial truth. Under Texas law, substantial truth is an absolute defense in defamation actions. *Cranberg v. Consumers Union of United States, Inc.*, 756 F.2d 382, 388 (5th Cir.), *cert. denied* 474 U.S. 850, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *McIlvain v. Jacobs*, 794 S.W.2d 14 (Tex.1990). The test is "whether the alleged defamatory statement was more damaging to [Plaintiff's] reputation, in the mind of the average listener, than a truthful statement would have been." *McIlvain*, 794 S.W.2d at 16. Where, as here, the underlying facts are undisputed, any variance regarding minor items can be disregarded and substantial truth can be determined as a matter of law. *Id.*

■ Plaintiff has admitted in deposition testimony and in a taped interview with the book's author that he informed Houston Police Officer John Liles that he believed plans were being made to kill Barbra Piotrowski (Waring Deposition, p. 45), that he expected that his identity would remain confidential (Waring Deposition, p. 45), that he subsequently met with Liles and Homicide Detective Kenneth Williamson at night to inform Williamson of the murder plot (Waring Deposition, pp. 118–119), and that Plaintiff is genuinely concerned that his having informed the police could place him in danger (Waring Deposition, p. 39). Deposition testimony of Detective Williamson and Officer Liles and official police reports substantiate Plaintiff's testimony. Because the underlying facts are undisputed and conform to the statements in the book, the challenged statements are substantially true and correct. As a result, Defendant is entitled to summary judgment.

■ With reference to the amended complaint which was previously filed without leave of Court, Defendant's motion to strike should be granted. With reference to Plaintiff's subsequent motion for leave to file an amended complaint, the Court finds that the amendment requested by Plaintiff would be futile and that leave should be denied. *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205 (5th Cir.1985). Plaintiff seeks to add a claim for false light invasion of privacy, a cause of action which the Texas Supreme Court has neither recognized nor disapproved. *Diamond Shamrock Refining & Marketing Co. v. Mendez*, 844 S.W.2d 198 (Tex.1992). While declining to recognize the cause of action, the Texas Supreme Court made clear that, were the claim to be recognized, actual malice would be a required element. *Id.*, at 200. The failure of the Texas Supreme Court to recognize the tort leads this Court to do the same. Additionally, the Court's finding that the statements are substantially true would preclude a finding of actual malice. Because the amended complaint seeks to raise a cause of action which is not specifically recognized in Texas, and

because the claim cannot be proved due to the Court's entry of summary judgment in favor of Defendant because the statements are substantially true, it would be futile and would cause unnecessary delay and prejudice to Defendant to permit the requested amendment, to which Defendant would file a motion to dismiss or for summary judgment, Plaintiff would file a response in opposition, and the Court would have no alternative but to dismiss the amended complaint on the grounds set forth above. Accordingly, the interests of justice and judicial economy weigh heavily against the amendment requested by Plaintiff, and the motion for leave to amend should be denied.

Based on the foregoing, Defendant is entitled to summary judgment and Plaintiff's requested amendment, which would be futile and would cause unnecessary delay and prejudice, should be denied. An appropriate final order consistent herewith shall be issued this day.