**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-51030

ROBERT M BIRD,

Plaintiff-Appellant,

VERSUS

CONTINENTAL AIRLINES, INC,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas

(A-98-CV-55-SC)

NOvember 5, 1999

Before JONES and DENNIS, Circuit Judges, and PRADO[*], District Judge.

PER CURIAM:[**]

On January 28, 1997, Robert M. Bird, an employee of America West Airlines, boarded a plane in Las Vegas, Nevada bound for Lubbock, Texas. Bird wore black and white zebra-print bikini underwear, a long-sleeved high collared tee-shirt, blue jean pant legs from the knees down secured by rubber bands, hiking boots and

---

[*]District Judge for the Western District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

a long blue overcoat.  After exiting the plane in Lubbock, Bird opened his overcoat in view of his girlfriend and several bystanders in the Lubbock International Airport, allegedly as a practical joke to shock and surprise her as she greeted him.  Bird was arrested for disorderly conduct by Airport Police Officer Freddie Salazar.  After taking Bird to the police station, Officer Salazar returned to the airport and conversed with Continental gate agent Jennifer McIntire regarding Bird's arrest.  Salazar informed McIntire that he wanted to communicate the incident to Bird's employer, America West.  Salazar also told McIntire that Bird had been arrested for indecent exposure, although he had actually been arrested for disorderly conduct.  Continental Airlines had formed a business alliance with America West, and McIntire decided to report Bird's conduct.  She sent the following Y-mail (internal email) message first to a single America West division in Nevada, and after receiving no reply forwarded the message to every America West terminal in the United States:

> HELLO THERE THIS IS JENNIFER AT THE TICKET COUNTER IN [LUBBOCK] AND I HAD A REALLY INTERESTING STORY TO SHARE WITH YOU.  APPARENTLY ONE OF YOUR CO-WORKERS THAT WORKS IN GROUND MAINTENANCE BY THE NAME OF ROBERT M. BIRD DECIDED TO FLASH EVERYONE IN OUR AIRPORT AND WAS ARRESTED FOR INDECENT EXPOSURE.  AS A CONTINENTAL EMPLOYEE I AM ASHAMED TO KNOW THAT HE ACTUALLY TOLD PEOPLE HE WORKED FOR [AMERICA WEST] AND HE ATTEMPTED TO GET OUT OF THE SITUATION BY OFFERING THE POLICE OFFICER TRAVEL VOUCHERS. I HAVE THE ATTENDING OFFICER HERE AND HE WOULD LIKE THE ADDRESS OF YOUR STATION SO THAT HE CAN SEND A FULL REPORT TO THE SUPERVISOR AND OR GENERAL MANAGER.

Bird's supervisor requested the police report the next day, and Bird was fired as an alleged result of the Y-mail message.

2

Bird filed a claim against Continental Airlines for defamation. The district court entered summary judgment in favor of the defendant. Bird appeals.

## I. Standard of Review

The standard of review for the granting of a motion for summary judgment is *de novo.* *See BellSouth Telecommunications, Inc. v. Johnson Bros. Group,* 106 F.3d 119, 122 (5th Cir. 1997). Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact". *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## II. Analysis

The district court found that Continental Airlines enjoyed a qualified privilege to distribute the offending Y-mail message to every America West computer terminal in the country, and in the alternative concluded that the content of the Y-mail was substantially true.

Continental Airlines has a qualified privilege for a defamatory communication regardless of the statement's veracity when comments and remarks are made in good faith to a person having a business interest in the communication. *See Free v. American Homes Assur. Co.,* 902 S.W.2d 51, 55 (Tex.App.–Houston [1st Dist.] 1995, no writ). A communication loses its privileged status when it is made to those outside the interest group in question. *See Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 646 (Tex.

3

1994).  Whether the forwarding of the message to all America West terminals in an attempt to locate a single supervisor exceeded the permissible scope of Continental's qualified privilege involves disputed questions of material fact not appropriate for summary disposition.

The district court also granted summary judgment on the alternative ground that the statement at issue was substantially true.  A substantially true statement cannot support a cause of action for defamation.  *See McIlvain v. Jacobs,* 794 S.W.2d 14, 15 (Tex. 1990).  Whether the discrepancies between the actual charge of "disorderly conduct" and the reported charge of "indecent exposure" and between Bird's actual conduct and his reported conduct of "flash[ing] everyone in our airport" prevent the statement from being "substantially true" are also disputed issues of material fact not appropriate for summary judgment.

Therefore, we REVERSE the judgement of the district court, and REMAND the case for further proceedings consistent with this opinion.