UTV OF SAN ANTONIO, INC., d/b/a/
KMOL–TV, Appellant,

v.

ARDMORE, INC., d/b/a Luv
N Care, Appellee.

No. 04–01–00647–CV.

Court of Appeals of Texas,
San Antonio.

May 29, 2002.

Janie A. Shannon, R. Laurence Macon, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellant.

Laura Lee Stapleton, Jackson Walker L.L.P., Austin, for Appellant.

Barry Snell, David C. "Clay" Snell, Bayne, Snell & Krause, L.L.P., San Antonio, for Appellee.

Jennifer Gibbins Durbin, Allen, Stein & Durbin, P.C., Allen, Stein & Durbin, P.C., San Antonio, for Other.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

SANDEE BRYAN MARION, Justice.

This is an interlocutory appeal from the trial court's denial of a media defendant's motion for summary judgment on the plaintiff's claims of libel *per se* and exem-plary damages. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(6) (Vernon Supp.2002).

Ardmore, Inc. d/b/a Luv N Care ("Ard-more") sued UTV of San Antonio, Inc. d/b/a KMOL TV ("KMOL") and Jennifer Jones for defamation, defamation *per se,* and business disparagement following KMOL's news broadcast about cockroach-es at Ardmore's Luv N Care daycare facil-ity. Ardmore later nonsuited Jones. KMOL moved for a no-evidence summary judgment on all of Ardmore's claims and a traditional summary judgment on its affir-mative defenses. The trial court rendered summary judgment in favor of KMOL on Ardmore's claims of slander, slander *per se,* libel and business disparagement, but denied KMOL's motion for summary judg-ment on Ardmore's claims of libel *per se* and exemplary damages. It is from this denial that KMOL now appeals. We hold that KMOL was entitled to summary judg-ment on its affirmative defense; therefore, we reverse the trial court's judgment.

## BURDEN OF PROOF

A private-figure plaintiff, such as Ardmore, who sues a media defendant for libel bears the burden of showing that the defendant negligently made a false state-ment that was defamatory. *McIlvain v. Jacobs,* 794 S.W.2d 14, 15 (Tex.1990); *Dol-cefino v. Randolph,* 19 S.W.3d 906, 917 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Swate v. Schiffers,* 975 S.W.2d 70, 74 (Tex.App.-San Antonio 1998, pet. de-nied). Pleading libel *per se* eliminates the requirement of pleading or proving special damages, but it does not shift the plain-tiff's burden of proving the elements of its cause of action, including the falsity of the allegedly defamatory statement. *Swate,* 975 S.W.2d at 74.

Truth is an affirmative defense in a defamation case, and KMOL had the burden of proof on this issue. *Garcia v.*

*Allen,* 28 S.W.3d 587, 593–94 (Tex.App.-Corpus Christi 2000, pet. denied); *Knox v. Taylor,* 992 S.W.2d 40, 54 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *San Antonio Express News v. Dracos,* 922 S.W.2d 242, 247 (Tex.App.-San Antonio 1996, no writ). A media defendant may defeat a libel claim by proving the "substantial truth" of the statement. *McIlvain,* 794 S.W.2d at 15; *Dolcefino,* 19 S.W.3d at 918. Because we hold that KMOL met its burden of proof on its affirmative defense of substantial truth, we address only that issue and we do not address whether KMOL was entitled to summary judgment on other grounds.

## THE BROADCAST

In a November 1999 "Troubleshooter" broadcast, KMOL reporter Vicente Arenas reported, among other things, that cockroaches were found at Ardmore's daycare facility, Luv N Care. The report included an interview with Jennifer Jones, a former Luv N Care employee and the mother of a child enrolled at the facility, and information from a public report filed by the Texas Department of Protective and Regulatory Services ("DPRS"). The relevant statements, by Arenas, in the broadcast are as follows:

> Jones says the honeymoon was over when she found roaches in a place she never expected ... her son's sippee cup. [On-screen quote from Jones] Jones says she got so mad ... she quit. [On-screen quote from Jones] And she reported the roaches to the state's daycare licensing agency.

> Luv N Care wouldn't talk to us on camera ... but the daycare's attorney sent us a letter that says Jones is a disgruntled former employee ... who made a false complaint to get the center in trouble. The center also says a

health department inspector found no roaches.

> But we found out that during a follow-up visit according to the report a day-care inspector did find roaches on a crockpot and counter-top.

> [ ... ]

> Luv N Care is changing for the better. It's inspection two weeks ago found no problems.

> [ ... ]

> New Beginnings on Bandera was another center on corrective action at this time last year. Like Luv N Care it got back on track ... passed inspections. In fact last May an inspector even wrote "great improvements are noted." [ .... ]

## SUBSTANTIAL TRUTH

 The test used in deciding whether the broadcast is substantially true involves consideration of whether the alleged defamatory statement was more damaging to the plaintiff's reputation, in the mind of the average listener, than a truthful statement would have been. *McIlvain,* 794 S.W.2d at 16; *Dolcefino,* 19 S.W.3d at 918. This test requires that we look to the "gist" of the broadcast. *Id.* If the underlying facts as to the gist of the defamatory charge are undisputed, then we can disregard any variance with respect to items of secondary importance and determine substantial truth as a matter of law. *McIlvain,* 794 S.W.2d at 16.

 Ardmore contends the statement that "during a follow-up visit ... according to the report a daycare inspector did find roaches ... on a crockpot and counter-top" was false because it contradicts the very DPRS inspection report the broadcast references and because this statement is contradicted by a Health Department report that KMOL failed to reference in the broadcast. In addition to noting alle-

gations by staff members about roaches, the DPRS report mentions roaches in the following sections:

> *Allegations* Roach problem at Center especially in infant areas—roaches have been found on sippee cups & crockpots that heat bottles.
>
> *Discussion* . . . Staff indicate that center is sprayed regularly but if food is left out then occasional roach problem. Graham crackers were left out & roaches were found in crockpot & counter in older infant room. Center did spray on 9/21/99 when complaint brought to their attention & no roaches noted today.
>
> *Noncompliance* Roaches were found in crockpot & counter as food was left out overnight on counter unwrapped. Already corrected.

■ The report's Discussion and Noncompliance sections are not clear as to whether the inspector saw the roaches herself or whether she was reiterating the staff's allegations. Ardmore concedes the report is unclear. However, discrepancies as to details do not demonstrate falsity for defamation purposes. *Dolcefino v. Turner*, 987 S.W.2d 100, 115 (Tex.App.-Houston [14th Dist.] 1998) (discussing discrepancy as to amount of money allegedly stolen), *aff'd sub nom., Turner v. KTRK Television, Inc.*, 38 S.W.3d 103 (Tex.2000).

■ KMOL quoted Jones as saying she saw roaches on her son's sippee cup and that she reported the problem to the daycare's licensing agency. When a case involves a media defendant, the defendant need only prove that third party allegations reported in a broadcast were, in fact, made and under investigation; it need not demonstrate the allegations themselves

are substantially true. *Dolcefino,* 19 S.W.3d at 918.[1]

After quoting Jones, Arenas noted that Luv N Care considered Jones to be a "disgruntled former employee" who had "made a false complaint to get the center in trouble." Arenas also quoted from the letter written by Luv N Care's attorney that "a health department inspector found no roaches." After noting that roaches were found by an inspector on a follow-up visit, Arenas stated that Luv N Care was "changing for the better" and a later inspection "found no problems."

The "gist" of KMOL's broadcast was that Luv N Care and another daycare center had experienced problems or alleged problems that subjected them to inspections by the DPRS; Luv N Care had shown improvement; and parents should take a more active role in ensuring that their child's daycare facility provides adequate care. The "gist" of the broadcast was substantially true.

Furthermore, this court must construe the broadcast as a whole in light of the surrounding circumstances, based upon how a person of ordinary intelligence would perceive the entire statement. *Musser,* 723 S.W.2d at 655; *Dracos,* 922 S.W.2d at 248. We conclude that for purposes of KMOL's substantial truth defense, the broadcast's statement that an inspector had found roaches on a follow-up inspection was not more damaging in the mind of the average listener than a more accurate statement that the inspector merely noted allegations by staff members of roaches on a sippee cup, crockpot, and counter and a Health Department report found no roaches on the day of a specific inspection. Because the gist of the broad-

---

**1.** Ardmore complains that KMOL never raised "investigation" as a defense. KMOL was not required to raise this as an affirmative defense because reporting Jones' accusa-
tions against Luv N Care and whether those accusations were under investigation applies to KMOL's substantial truth defense.

cast was substantially true, KMOL conclusively established its entitlement to summary judgment on Ardmore's libel *per se* claim as a matter of law.

## FALSE IMPRESSION

■ In a cross-issue, Ardmore relies on *Turner* for its complaint that KMOL's broadcast placed it in a false light and/or created a false impression of it in the public's eye. We do not address Ardmore's "false light" claim because the Texas Supreme Court has held that there is no separate cause of action in Texas for "false light defamation." *See Turner*, 38 S.W.3d at 115; *Cain v. Hearst Corp.*, 878 S.W.2d 577, 579 (Tex.1994).

In *Turner*, the Supreme Court held that a plaintiff may bring a libel claim when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression. *Turner*, 38 S.W.3d at 115. The *Turner* court noted that such a claim represents the converse of the substantial truth doctrine. *Id.* Therefore, under *Turner*, a plaintiff may bring a "false impression" defamation claim if the publication conveys a substantially false and defamatory impression by omitting material facts or suggestively juxtaposing true facts, even if the statements in the publication are true when read in isolation. *Id.*

Ardmore argues that, even if certain statements in the broadcast were true, others were not true and the broadcast created a substantially false and defamatory impression because KMOL omitted a variety of facts favorable to Luv N Care. Ardmore complains the broadcast omitted the following: the findings of the Health Department's inspection; three Health Department inspections in 1999 on which Luv N Care received ratings of 99% to 100%; Luv N Care is a family-owned business, at which a serious child injury has

never occurred; and the DPRS inspection noted that any noncompliances were "already corrected." We do not agree that the broadcast created a false impression of Luv N Care, and the broadcast did not "cast more suspicion on [Luv N Care's] conduct than a substantially true account would have done." *Id.* at 118.

## CONCLUSION

We reverse the trial court's denial of KMOL's motion for summary judgment on Ardmore's libel *per se* claim. Because Ardmore's libel *per se* claim fails as a matter of law, Ardmore is not entitled to exemplary damages on this claim. *Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 683 (Tex.App.-El Paso 2001, no pet.); *Musser v. Smith*, 690 S.W.2d 56, 58 (Tex. App.-Houston [14th Dist.] 1985), *aff'd sub nom., Musser v. Smith Protective Serv., Inc.*, 723 S.W.2d 653 (Tex.1987). Accordingly, we reverse the trial court's judgment and render judgment that Ardmore take nothing on its libel *per se* claim or its claim for exemplary damages.