

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00198-CV

**RODNEY PAT RAMSEY,**

**Appellant**

**v.**

**PHIL LYNCH,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 84242

## MEMORANDUM  OPINION

Rodney Pat Ramsey filed suit against Phil Lynch for defamation.[1]  Lynch filed a motion to dismiss the suit pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code.  After a hearing, the trial court granted the motion to dismiss the cause, and Ramsey appeals from the trial court's order of dismissal.  We affirm.

---

[1] Ramsey also filed suit for defamation and civil conspiracy against Morris Gresham, Mike Dooley, and Randy Whiteman.  They are not parties to the proceedings before us.

## Background Facts

Ramsey is the former city prosecutor for the City of Ovilla and Bill Vansyckle is the former mayor of the City of Ovilla. Lynch filed a written complaint against Mayor Vansyckle with the City of Ovilla alleging violations of the City of Ovilla Code of Ethics. Included in the written complaint was an allegation that Vansyckle and Ramsey were involved in "fixing code enforcement citations for certain Ovilla residents." Ramsey filed suit against Lynch for defamation based upon the statements in the written complaint.

Lynch filed a motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, the Texas Citizen's Participation Act (TCPA), asserting that the written complaint was an exercise of his right to free speech and right to petition. The trial court found that the defamation suit was based solely upon Lynch's written complaint, and that the Texas Citizen's Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 *et seq* applies to the written complaint, and that the suit should be dismissed under TEX. CIV. PRAC. & REM. CODE ANN. § 27.006 (West Supp. 2012).

## Sufficiency of Evidence

In his first and third issues on appeal, Ramsey argues that the evidence is legally and factually insufficient to support the trial court's findings of fact. The motion to dismiss shifts the burden to the non-movant to prove a prima facie case. Thus, the failure to prove in essence "insufficient evidence," falls on the party with the burden to prove – in this case Ramsey. Thus the findings of fact essentially found the negative of what Ramsey was required to prove. In determining whether evidence is legally

sufficient to support the finding under review we must consider evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When reviewing a challenge that the evidence is factually insufficient to support a finding, a reviewing court will set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, the court determines that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g).

Ramsey first challenges the legal and factual sufficiency of the trial court's findings that Ramsey's claims against Lynch are based solely upon the written complaint, that the complaint is not false and was not published with negligence or actual malice, and that there was no agreement between two or more persons to accomplish a wrong or lawful purpose.

In his first amended petition, Ramsey's claims against Lynch for defamation are based upon Lynch's written complaint with the City of Ovilla. The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West Supp. 2012). "If a legal action is based on, relates to, or is in response to a party's exercise of the right to free speech, right to petition, or right of association, that

party may file a motion to dismiss the legal action." Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 27.003(a) (West Supp. 2012). Section 27.005 provides that:

> (b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:
>
> > (1) the right of free speech;
> > (2) the right to petition; or
> > (3) the right of association.
>
> (c) The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 27.005(b)& (c) (West Supp. 2012).

Therefore, Ramsey was required to establish by clear and specific evidence a prima facie case for each element of his defamation claim. To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a false statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

In his written complaint, Lynch states: "Based upon information gained through the Texas Public Information Act, I charge Bill Vansyckle with the unlawful exercise of fixing code enforcement citations for certain Ovilla residents." The complaint references previous allegations of "fixing tickets" and quotes statements and affidavits

of third parties. Ramsey was required to establish by clear and specific evidence the falsity of the written complaint. Ramsey denied all of the allegations and provided an affidavit of Vansyckle that also denied the allegations.

The statements in the written complaint are accurate quotations of statements made by third parties. *See McIlvain v. Jacobs*, 794 S.W.2d 14, 15 (Tex. 1990). Ramsey did not present any evidence that Lynch's complaint was a false representation of the statements.

Ramsey does not challenge the trial court's finding that he was a public official. Therefore, he was required to show that Lynch's complaint was made with actual malice. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d at 571. In the defamation context, a statement is made with actual malice when the statement is made with knowledge of its falsity or with reckless disregard as to its truth. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Proof of actual malice requires "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Nelson v. Pagan*, 377 S.W.3d 824, 831 (Tex.App.-Dallas 2012, no pet.). Ramsey did not present any evidence that Lynch made the complaint knowing the allegations were false or with doubts as to the truth of the allegations. Ramsey also did not present any evidence that Lynch made the allegations in the complaint in an agreement with two or more persons to accomplish a wrongful act or improper purpose.

Ramsey next challenges the trial court's findings on attorney's fees. The trial court found Lynch's reasonable and necessary attorney's fees to be $6,200.00 and also

found reasonable and necessary attorney fees in the event of an appeal. At the hearing on the motion to dismiss, Lynch's attorney testified as to his fees, the complexity of the case, and the time spent on the case. Lynch's attorney further testified that his fees were fair and reasonable based upon attorney fees in Ellis County. Ramsey disputed that the fees were reasonable, but did not present any evidence to refute the testimony. In his brief, Ramsey does not point to any evidence refuting the findings on attorney fees.

We find that the evidence is legally and factually sufficient to support the challenged findings of fact by the trial court. We overrule Ramsey's first and third issues.

In his fourth issue on appeal, Ramsey argues that the evidence is legally insufficient to support the trial court's conclusions of law. We review the trial court's conclusions of law de novo. Under de novo review, the reviewing court exercises its own judgment and redetermines each legal issue. *Wells Fargo Bank, N.A. v. Citizens Bank of Tex., N.A.*, 181 S.W.3d 790, 796 (Tex.App.-Waco 2005, pet. den'd).

Ramsey complains of the trial court's conclusions of law that the TCPA applies to Lynch's complaint and to the lawsuit against Lynch. Ramsey further challenges the conclusions of law that Lynch's complaint was an exercise of his right to free speech and his right to petition and that Ramsey's lawsuit is based upon and relates to Lynch's exercise of his right to free speech and his right to petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 *et seq.*

"Exercise of the right of free speech" means a communication made in connection with a matter of public concern. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 (3) (West Supp. 2012). "Exercise of the right to petition" means any of the following:

(A) a communication in or pertaining to:
(i) a judicial proceeding;
(ii) an official proceeding, other than a judicial proceeding, to administer the law;
(iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;
(iv) a legislative proceeding, including a proceeding of a legislative committee;
(v) a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;
(vi) a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;
(vii) a proceeding of the governing body of any political subdivision of this state;
(viii) a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), (vi), or (vii); or
(ix) a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;
(B) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;
(C) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;
(D) a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and
(E) any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 (4) (West Supp. 2012).

Lynch's written complaint alleged that Mayor Vansyckle violated the City of Ovilla Code of Ethics. The complaint concerned the mayor's performance as a public official, which is a matter of public concern. Ramsey's lawsuit against Lynch for defamation is based upon the statements in the written complaint. We find that the TCPA is applicable to the complaint and to the defamation lawsuit. Further, as previously discussed, Ramsey was required to establish by clear and specific evidence a prima facie case for each essential element of the claim in question to prevent mandatory dismissal of the cause of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)& (c) (West Supp. 2012). Ramsey did not meet his burden.

The trial court concluded that there was no good cause for discovery pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 27.006 (West Supp. 2012). On a showing of good cause, the trial court may allow specified and limited discovery relevant to the motion. Ramsey has not shown specifically the discovery necessary to further his cause of action.

If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (a) (West Supp. 2012). Because the trial court correctly dismissed the cause of action, court costs and attorney's fees were properly awarded. We find that the evidence is legally sufficient to support the trial court's conclusions of law. We overrule the fourth issue.

**Timely Hearing**

In the second issue, Ramsey argues that the trial court failed to timely hold a hearing on the motion to dismiss. A hearing on a motion to dismiss under Section 27.003 must be set not later than the 30th day after the date of service of the motion unless the docket conditions of the court require a later hearing. TEX. CIV. PRAC. & REM. CODE ANN. § 27.004 (West Supp. 2012). The motion to dismiss was filed on March 15, 2012 and the hearing on the motion was held May 4, 2012. Following the filing of the motion to dismiss, the trial judge recused himself from the cause of action. The hearing on the motion could not be heard until a new judge was assigned to the cause of action. Therefore docket conditions required a later hearing. We overrule the second issue.

**Conclusion**

We affirm the trial court's judgment.


                                        AL SCOGGINS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 2, 2013
[CV06]