

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00193-CV
_____

BRANDON DARBY, APPELLANT

V.

THE NEW YORK TIMES COMPANY AND JAMES McKINLEY, JR., APPELLEES

On Appeal from the 274TH District Court
Hays County, Texas
Trial Court No. 11-0528; Honorable Gary L. Steel, Presiding

February 26, 2014

CONCURRING AND DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The question in this case is this, did the Appellees, the New York Times Company and James McKinley, Jr. (hereinafter "McKinley"), establish, as a matter of law, that they acted *without* actual malice in publishing the prosecution statement the subject of this defamation cause of action? This question touches upon an issue lawyers have wrestled with for centuries—how do you prove a negative? Much less,

how do you prove it as a matter of law? The majority finds McKinley has stumbled upon the answer to this enigma. Respectfully disagreeing, I dissent.

The facts of this case are well stated in the majority, and I will not endeavor to repeat them here, other than to define the "prosecution statement." The Appellant, Brandon Darby, filed this suit against McKinley alleging he was defamed by a publication that linked him to an alleged conspiracy to commit arson at the 2008 Republican National Convention in Minnesota. The prosecution statement appeared in an article that delved into a mysterious fire that significantly damaged the Texas Governor's mansion. After discussing police investigation efforts seeking to link the mansion fire to an Austin-area anarchist group, and their disavowing of any connection to the fire, the article states:

> Yet, federal agents accused two men from these circles of plotting to make firebombs and hurl them at police cars during the convention. An F.B.I. informant from Austin, Brandon Darby, was traveling with the group and told the authorities of the plot, which he had encouraged.

Darby contends this statement defamed him by accusing him of criminal conduct and he filed suit. McKinley filed a *traditional* motion for summary judgment stating seven independent grounds:

(1) The prosecution statement is not libelous *per se.*

(2) The prosecution statement is constitutionally protected because it does not state a verifiable fact.

(3) The prosecution statement is literally true or substantially true and Darby cannot meet his burden of establishing material falsity.

(4) The prosecution statement is an accurate report of allegations made against Darby and therefore protected by the substantial truth doctrine.

(5) The prosecution statement is privileged and published without actual malice.

(6) Darby is a public figure and cannot sustain his burden of establishing actual malice.

(7) Darby has failed to establish evidence of actual damages.

The trial court granted summary judgment without specifying the grounds for its ruling. Therefore, applying traditional notions of summary judgment, Darby has the burden of establishing why none of those grounds support the trial court's decision. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). In other words, on appeal an order granting summary judgment must be affirmed if any one of the grounds asserted is meritorious. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The majority opinion methodically deals with the first six grounds, pretermitting the seventh ground as being unnecessary to the final disposition of the appeal. *See* TEX. R. APP. P. 47.1. I agree with the majority's disposition of grounds one through four, disagree with the disposition of grounds five and six, and will briefly address ground seven to support my final conclusion.

GROUNDS ONE, TWO, THREE AND FOUR

As to the first ground asserted by McKinley, the majority finds, and I agree, the prosecution statement is libelous *per se.* As to the second ground, the majority finds, and again I agree, the prosecution statement is not constitutionally protected due to its status as an unverifiable fact. As stated by the majority, "[a] reasonable person reading the allusion to Darby in the context of the article as a whole could rationally perceive it

3

as attributing criminal conduct to Darby." The publication in question dealt with the commission of specific crimes and the identity of persons engaged in the commission of those crimes, clearly verifiable facts. Addressing the third ground contending the prosecution statement is literally true or substantially true and focusing on the gist of the broadcast as viewed through the eyes of a person of ordinary intelligence, the majority finds there to be a material question of fact. Again, I agree. Finally, concerning the fourth ground, McKinley contends the prosecution statement is an accurate report of allegations made against Darby and therefore protected by the substantial truth doctrine as a third-party allegation. The Texas Supreme Court recently rejected this third-party allegation argument in *Neely v. Wilson,* No. 11-0228, 2013 Tex. LEXIS 1082 at *2 (Tex. June 28, 2013)[1] (holding that the gist of a broadcast must be true in order to avail oneself of the truth defense).

GROUNDS FIVE AND SIX

We come then to McKinley's fifth and sixth grounds for summary judgment—the absence of actual malice. Here, the majority thoroughly examines the summary judgment affidavits and ultimately concludes McKinley's summary judgment evidence disproved the existence of malice, as a matter of law because McKinley's summary judgment evidence denies knowledge of any material inaccuracies and disavows any doubt as to the accuracy of any facts. The majority then concludes these denials constitute "some evidence that the [media defendant] acted without malice and shifted

---

[1] Dissenting opinion by Justice Lehrmann appearing at *Neely v. Wilson,* No. 11-0228, 2014 Tex. LEXIS 114 (Tex. Jan. 31, 2014).

4

the burden to the defendant to produce contrary evidence."[2]  This is where my view departs from the majority.  By shifting the burden to Darby, the majority's analysis misapplies the standards of review for a traditional summary judgment.

We do not have one set of summary judgment principles for defamation claims and another set of principles for everything else.  We apply the same standards of review to a summary judgment proceeding concerning defamation as we do any other case.  *Neely,* 2013 Tex. LEXIS 1082, at *11.  In that regard, we review a trial court's grant of summary judgment *de novo, Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005), the party moving for summary judgment bears the burden of proof in all cases, *Roskey v. Tex. Health Facilities Comm'n*, 369 S.W.2d 302, 303 (Tex. 1982), and we review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion."  C*ity of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex. 2005).

Where, as here, a defendant seeks a traditional summary judgment without further seeking a no-evidence summary judgment, the motion should be granted only if the movant disproves at least one essential element of the non-movant's cause of action, or establishes all the elements of an affirmative defense as a matter of law.  *Shaw v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).  McKinley's summary judgment relies

---

[2] In the context of a trial, the United States Supreme Court, the Texas Supreme Court, and even this Court have afforded media defendants greater protections by shifting to the claimant the burden of proving that the alleged defamatory statement is false when the statement was made by a media defendant over a matter of public concern.  *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986); *McIlvain v. Jacobs*, 794 S.W.2d 14 (Tex. 1990); *McAlister TV Enters. v. Blue,* No. 07-99-00458-CV, 2001 Tex. App. LEXIS 188 (Tex. App.—Amarillo 2001, no pet.)(mem. op.); *Simmons v. Ware*, 920 S.W.2d 438 (Tex. App.—Amarillo 1996, no writ).  However, the fact that we shift the burden to the claimant at trial does not mean that the burden is shifted to the non-movant in a summary judgment proceeding.  *Neely,* 2013 Tex. LEXIS 1082, at *18-19.  While Darby will have to prove actual malice at trial, at this stage of the proceeding, it is McKinley's burden to prove, as a matter of law, the absence of actual malice.

upon the premise that an essential element of Darby's cause of action, to-wit: actual malice, was *disproved* as a matter of law. And thus, we come face to face with the question—how do you prove a negative, particularly in the context of a motion for summary judgment where every reasonable inference and any doubts must be resolved against the movant? Relying on *Freedom Newspapers v. Cantu*, 168 S.W.3d 847, 853 (Tex. 2005), the majority finds McKinley's affidavits sufficiently negate actual malice because the prosecution statement was published without knowledge of the falsity or reckless disregard of the truth. In reaching this conclusion, the majority focuses on the question of whether Darby "encouraged" the criminal conduct in question. However, in determining the "truth" of a statement, the assessment of a broadcast's "gist" must be the critical focus. *Neely*, 2013 Tex. LEXIS 1082, at *23.

A broadcast with specific statements that err in the details but correctly convey the gist of a story is a "substantially true" statement. *Id.* On the other hand, a broadcast "can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all the story's individual statements considered in isolation were literally true or non-defamatory." *Id.*

McKinley argues that the prosecution statement is substantially true because there is undisputed summary judgment evidence that Darby "encouraged" the two militants ultimately convicted in connection with the firebombs at the Republican National Convention. While this individual statement considered in isolation may be true, the gist of the statement—i.e., that Darby participated in the commission of a criminal act—is equally controverted by Darby's summary judgment evidence. The majority as much as says so in its analysis of grounds two and three. Reviewing the

6

summary judgment record "in the light most favorable to the nonmovant" and "indulging every reasonable inference and resolving any doubts against the motion," there exists a fact question regarding a material issue.

GROUND SEVEN

The majority did not address the merits of McKinley's seventh and final ground for summary judgment—the absence of evidence establishing actual damages. Because Darby has established a cause of action for defamation *per se*, he is entitled to recover general damages without specific proof of the existence of harm. *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002) ("Our law presumes that statements that are defamatory *per se* injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish."); *Exxon Mobil Corp. v. Hines,* 252 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Accordingly, this ground too does not provide a basis upon which the trial court could have granted McKinley's motion for summary judgment.

**CONCLUSION**

While McKinley might ultimately prevail on the issue of actual malice at trial, he certainly has not done so here—at least not as a matter of law. Accordingly, I would reverse the judgment of the trial court and remand the case for further proceedings.

Patrick A. Pirtle
Justice

7