**Opinion Filed April 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01637-CV

## AOL, INC., Appellant
## V.
## DR. RICHARD MALOUF AND LEANNE MALOUF, Appellees

### Consolidated With

## No. 05-14-00568-CV

## DR. RICHARD MALOUF AND LEANNE MALOUF, Appellants
## V.
## GRAHAM WOOD, Appellee

On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-12-06268-C

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Whitehill
Opinion by Justice Stoddart

These consolidated appeals involve motions to dismiss defamation claims under the Texas Citizen's Participation Act[1] (TCPA). AOL, Inc. brings an interlocutory appeal of the denial of its motion to dismiss defamation claims brought by Dr. Richard Malouf and his wife, Leanne Malouf.[2] The Maloufs appeal the final judgment in a severed action dismissing their

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015).

[2] Because the statements at issue refer to Richard Malouf, we refer to him as Malouf unless necessary to

claims against Graham Wood after the trial court granted Wood's motion to dismiss under the TCPA.  Wood is an employee of AOL and the defamation claims against both involve the same statement written by Wood and published on an AOL website.  We consolidated the appeals.

Because we conclude Malouf and his wife failed to establish by clear and specific evidence a prima facie case for each essential element of their defamation claims against AOL and Wood, we reverse the trial court's order denying AOL's motion to dismiss, render judgment dismissing AOL from the lawsuit, and remand this case to the trial court to determine the amounts to be awarded to AOL under section 27.009.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (West 2015).  We affirm the trial court's judgment dismissing the Maloufs' claims against Wood.

### BACKGROUND

Malouf is a dentist and has been the subject of lawsuits alleging Medicaid fraud.  *See Shipp v. Malouf*, 439 S.W.3d 432, 436, 438–39 (Tex. App.—Dallas 2014, pet. denied).  In June of 2012, the Texas Attorney General intervened in two false claims lawsuits asserting Medicaid fraud against Malouf and others.  In October 2012, Wood wrote and AOL published an online article headlined, "Dentist Richard Malouf Builds Backyard Water Park While Charged with Massive Fraud."  In the article, Wood wrote in part:

> A Texas dentist charged with defrauding state taxpayers of tens of millions of dollars in a Medicaid scam is using his allegedly not-so-hard-earned bucks on something useful: building a full-fledged water park in his backyard. According to the Texas attorney general, Dr. Richard Malouf raked in millions by putting braces on children who didn't need them and filing false claims under Medicaid. . . . In Texas, homes cannot be seized to make up for unpaid debt, which may be why Malouf is funneling his money into his estate.  However, if it can be proven that Malouf used stolen money from falsified claims to fund his home projects, then his home could be seized.

> At the end of the article, AOL added links to three other articles under the heading "See

discuss Leanne Malouf.

also." The articles were titled: "Foreclosure Scam: 530 Charged for Allegedly Defrauding 73,000 Homeowners"; "How to Spot a Real Estate Scam"; and "When Contractors Stiff Homeowners: How to Make Sure You're Hiring the Right Person." These articles did not refer to Malouf.

Malouf alleged in his live pleading that Wood and AOL defamed him by falsely representing to the public that Malouf had been criminally charged with fraud. Malouf alleged he has never been found guilty of fraud or criminally charged with committing fraud. He prayed for nominal damages and a permanent injunction against the defendants.

AOL and Wood filed motions to dismiss under the TCPA. The trial court initially denied both motions, but the next day granted Wood's motion and dismissed the Maloufs' claims against him. AOL brings an interlocutory appeal from the order denying its motion to dismiss.[3] The Maloufs appeal the final judgment dismissing their claims against Wood.

## STANDARD OF REVIEW

We apply a de novo standard of review to issues of statutory construction and to the trial court's ruling under the TCPA. *See Shipp*, 439 S.W.3d at 437; *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 874 (Tex. App.—Dallas 2014, no pet.); *Pickens v. Cordia*, 433 S.W.3d 179, 183–84 (Tex. App.—Dallas 2014, no pet.); *Avila v. Larrea*, 394 S.W.3d 646, 652–53 (Tex. App.—Dallas 2012, pet. denied).

## APPLICABLE LAW

To prevail on a TCPA motion to dismiss, the movant must show by a preponderance of the evidence that the legal action "is based on, relates to, or is in response to the party's exercise"

---

[3] *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West 2015)).

of free speech. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)(1).[4] The "exercise of free speech" is defined as a "communication made in connection with a matter of public concern." *Id.* § 27.001(3). A "matter of public concern" includes an issue related to health or safety; environmental, economic or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id.* § 27.001(7). If the movant satisfies this burden, then the trial court must dismiss the action unless the party who brought the legal action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Notwithstanding subsection (c), the trial court shall dismiss the action if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the non-movant's claim. *Id.* § 27.005(d).

**ANALYSIS**

## A. Matter of Public Concern

AOL and Wood presented evidence that the article was a communication made in connection with a matter of public concern and thus an exercise of free speech. The article communicated that a dentist had been charged with "defrauding state taxpayer of tens of millions of dollars in a Medicaid scam." This communication is connected with matters of health or safety, government, and community well-being. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7); *Shipp¸* 439 S.W.3d at 438–39 (broadcast regarding attorney general allegations of Medicaid fraud against Malouf was made in connection with matter of public concern); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (newspaper articles reporting investigation of assisted living facility involved matter of public concern). The communication also related to a service in

---

[4] It is undisputed the Maloufs filed this suit against AOL and Wood in response to the publication of the article. Thus, the issue is whether the article was an exercise of free speech as defined by the TCPA.

the marketplace: Malouf's provision of dental services. *See Avila*, 394 S.W.3d at 655 (television broadcast alleging lawyer provided poor services to clients related to a service in the marketplace). Malouf does not dispute these matters.

Malouf contends the TCPA does not protect defamation and was not intended to apply to media defendants. However, in determining whether Malouf's lawsuit relates to AOL and Wood's exercise of free speech, "we are not called on to determine the truth or falsity of the allegedly defamatory statement; that is a subject for the second part of the analysis under section 27.005(c)." *Shipp*, 439 S.W.3d at 439 n.4; *see also Kinney v. BCG Attorney Search, Inc.*, No. 03–12–00579–CV, 2014 WL 1432012, at *5 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op.) (determining whether communication meets statutory definition of exercise of free speech does not entail deciding whether speech is true); *In re Lipsky*, 411 S.W.3d 530, 543 (Tex. App.—Fort Worth 2013, orig. proceeding). Whether the TCPA applies does not depend on whether the statement is defamatory or not.

In addition, the plain language of the TCPA does not exclude media defendants from its application. *See Shipp*, 439 S.W.2d at 439, 442 (reversing and rendering order dismissing claims against news reporter under TCPA); *Avila*, 394 S.W.3d at 650–51, 655 (applying TCPA to claims against news reporter and television station). The legislature's intent is clear from the words used in the statute. The purpose of the TCPA is to "encourage and safeguard the constitutional rights of *persons* to petition, speak freely, . . . and, at the same time, protect the rights of a *person* to file meritorious lawsuit for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (emphasis added). The term "person" includes "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." TEX. GOV'T CODE ANN. § 311.005(2) (West 2013). The TCPA permits a party to a legal action, including media defendants, to file a motion to dismiss if

the legal action relates to the party's exercise of the right of free speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (permitting a party to file a motion to dismiss if the legal action is based on, relates to, or is in response to the party's exercise of free speech). Both AOL and Wood are persons and parties under the terms of the statute.

We conclude AOL and Wood are entitled to protection under the TCPA. They showed by a preponderance of the evidence that the Maloufs' legal action is based on or relates to their exercise of the right of free speech. Thus, the burden shifted to the Maloufs to establish by clear and specific evidence a prima facie case for each essential element of their claims. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).

### B. Essential Elements of Defamation

It is undisputed that AOL and Wood are media defendants. To recover damages for defamation involving media defendants, a plaintiff must prove the media defendant: "(1) published a statement; (2) that defamed the plaintiff; (3) while either acting with actual malice (if the plaintiff was a public official or public figure) or negligence (if the plaintiff was a private individual) regarding the truth of the statement." *Neely v. Wilson*, 418 S.W.3d 52, 61 (Tex. 2013); *Shipp*, 439 S.W.3d at 439–40; *see also WFAA-TV v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

The parties agreed in the trial court that for purposes of the motions to dismiss, the Maloufs had established by clear and specific evidence a prima facie case for the first and third elements of the defamation claim. Thus, the only issue before us is whether the Maloufs established the second element—that the statement defamed the plaintiffs—under the statutory standard required by the TCPA.

A defamatory statement "tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's

honesty, integrity, virtue, or reputation. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (West 2011). Statements that are not verifiable as false cannot form the basis of a defamation claim. *Neely*, 418 S.W.3d at 62.

Because AOL and Wood are media defendants and the statement was an exercise of the right of free speech on a matter of public concern, the Maloufs had the burden to prove the statement was false as an essential element of their claims. *Id.* ("The United States Supreme Court and this Court long ago shifted the burden of proving the truth defense to require the plaintiff to prove the defamatory statements were false when the statements were made by a media defendant over a public concern.").

The supreme court has developed the substantial truth doctrine to determine the truth or falsity of a publication or broadcast: "if a broadcast taken as a whole is more damaging to the plaintiff's reputation than a truthful broadcast would have been, the broadcast is not substantially true and is actionable." *Id.* at 63; *McIlvin v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990) ("The test used in deciding whether the broadcast is substantially true involves consideration of whether the alleged defamatory statement was more damaging to [the plaintiff's] reputation, in the mind of the average listener, than a truthful statement would have been."). This evaluation involves determining the essence—the gist or sting—of the publication. *Neely*, 418 S.W.3d at 63.

A publication with specific statements that err in the details but that correctly convey the essence of a story is substantially true and not actionable. *Id.* at 63–64. However, a publication "can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all the story's individual statements considered in isolation were literally true or non-defamatory." *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000). We determine the essence or gist of a story "through the lens of a person of ordinary intelligence." *Neely*, 418 S.W.3d at 65.

Malouf does not dispute that he was named as a defendant in two civil false claims (qui

tam) lawsuits alleging Medicaid fraud. The Texas Attorney General intervened in those lawsuits and the petitions were made public in June of 2012. The Attorney General alleged that the defendants made false statements and committed unlawful acts under the Texas Medicaid Fraud Prevention Act, chapter 36 of the Texas Human Resources Code, by, among other things, submitting reimbursement claims for dental or orthodontic services that were not medically necessary or that were never provided. The Attorney General further alleged the defendants' unlawful acts cost the State of Texas "many millions of dollars."

Malouf contends that by use of the words "charged" and "stolen" and by omitting the fact the proceedings against him were civil suits, the article directly imputes criminal activity to Malouf. Malouf testified in his affidavit he has never been charged, indicted, arrested, or found guilty of the crime of Medicaid fraud. Malouf contends the article left the false impression he was "charged with defrauding taxpayers" in criminal proceedings.

The test for truth or falsity is whether the publication taken as a whole is more damaging to the plaintiff's reputation than a truthful publication would have been. *See id.* at 63; *McIlvain*, 74 S.W.2d at 16. A true account which does not create a false impression by omitting material facts or suggestively juxtaposing them is not actionable, regardless of the conclusions that people may draw from it. *See Turner*, 38 S.W.3d at 118; *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

The essence of the article is that Malouf was charged with defrauding state taxpayers in a Medicaid scam. The forum in which those charges were made, either civil or criminal, does not materially alter the essence or sting of the story. *See Assoc. Press v. Boyd*, No. 05-04-01172-CV, 2005 WL 1140369, at *3 (Tex. App.—Dallas May 16, 2005, no pet.) (mem. op.) ("forum in which those accusations were made, be it criminal or civil, did not materially affect the sting caused by the accurately reported allegations of Boyd's participation in a fraudulent scheme").

A person of ordinary intelligence would not perceive the article as more damaging to Malouf's reputation because it omitted that the charges were made in civil proceeding. *See id.* ("Simply stated, had the articles specifically noted that the SEC proceeding was civil in nature, it would not have materially changed the gist or sting of the publications in the average reader's mind.").

A person of ordinary intelligence would not perceive the sting of the allegedly false statement as greater than a truthful statement. Put succinctly, the sting of the allegedly false statement that Malouf was charged in a *criminal* proceeding with "defrauding state taxpayers of tens of millions of dollars in a Medicaid scam" is no greater than the true statement that Malouf was charged in a *civil* proceeding with "defrauding state taxpayers of tens of millions of dollars in a Medicaid scam." We conclude a person of ordinary intelligence would not view the article as more damaging to Malouf's reputation than the truthful statement that he had been "charged with defrauding taxpayers" in civil proceedings.

Malouf argues a false assertion of criminal conduct is defamation per se. We agree with this general proposition of law, but it does not help Malouf overcome the facts that the article does not state Malouf was the subject of a criminal charge and the sting of the article was the accurate statement he was charged with defrauding taxpayers in a Medicaid scam; the sting was not whether those charges were made in a civil or criminal proceeding. *See Boyd*, 2005 WL 1140369, at *3 (articles allegedly suggesting SEC allegations against defendant were a criminal prosecution did not help defendant "overcome the hurdle created by the fact that the 'sting' of the articles of which he complains was the accurate reporting of the SEC allegations of his participation in securities fraud and not the omission of whether it was a criminal or civil proceeding").

We conclude Malouf failed to establish by clear and substantial evidence a prima facie case for each essential element of his claims against AOL and Wood.

Regarding Mrs. Malouf's claims, nothing in the article refers specifically to Mrs. Malouf and she does not argue otherwise. We conclude she failed to establish by clear and specific evidence a prima facie case for each essential element of a defamation claim against AOL and Wood. *See Newspapers, Inc. v. Matthews*, 161 Tex. 284, 339 S.W.2d 890, 893 (1960) (complained-of statement must reference plaintiff or be reasonably understood to do so by people knowing plaintiff); *Shipp*, 439 S.W.3d at 442.

## CONCLUSION

We conclude AOL and Wood established this action is based on or relates to their exercise of the right of free speech and the Maloufs did not establish by clear and specific evidence a prima facie case for each essential element of their defamation claims. Therefore, the trial court erred by denying AOL's motion to dismiss under the TCPA. The trial court did not err by granting Wood's motion to dismiss.

Accordingly, we affirm the trial court's final judgment dismissing the Maloufs' claims against Wood, reverse the trial court's order denying AOL's motion to dismiss, render judgment dismissing the Maloufs' claims against AOL, and remand that case for further proceedings under TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).

131637F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AOL, INC., Appellant

No. 05-13-01637-CV      V.

DR. RICHARD MALOUF AND LEANNE
MALOUF, Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-12-06268-C.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant AOL, INC.'s motion to dismiss is **REVERSED** and judgment is **RENDERED** that the claims of appellees DR. RICHARD MALOUF AND LEANNE MALOUF against appellant AOL, INC. are dismissed with prejudice to being refiled. This case is **REMANDED** to the trial court to determine the amounts to be awarded appellant AOL, INC. pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 27.009.

It is **ORDERED** that appellant AOL, INC. recover its costs of this appeal from appellees DR. RICHARD MALOUF AND LEANNE MALOUF.

Judgment entered this 2nd day of April, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DR. RICHARD MALOUF AND LEANNE
MALOUF, Appellants

No. 05-14-00568-CV       V.

GRAHAM WOOD, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-14-01556-C.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GRAHAM WOOD recover his costs of this appeal from appellants DR. RICHARD MALOUF AND LEANNE MALOUF.

Judgment entered this 2nd day of April, 2015.