Rome RUTLEDGE, Appellant,

v.

Ruth RUTLEDGE, Appellee.

No. 2-85-178-CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 16, 1986.

Crampton, Crampton & Estrada and Holly Crampton, Wichita Falls, for appellant.

Fillmore, Purtle, Spurgers & Briley and Stephen Briley, Wichita Falls, for appellee.

Before BURDOCK, HILL and KELTNER, JJ.

## OPINION ON SECOND MOTION FOR REHEARING

HILL, Justice.

Upon second motion for rehearing, appellant continues to assert that the County Court At Law of Wichita County never acquired jurisdiction over this divorce case because the statute creating that court, TEX.REV.CIV.STAT.ANN. art. 1970-166d, (Vernon Pamph.Supp.1986), is violative of the Texas Constitution. Specifically, in his sole point of error, appellant now contends that because section 7(a) of article 1970-166d provides that the jury shall be composed of six members, and, according to appellant, the Texas Constitution requires that a jury in a divorce case be composed of twelve jurors, section 7(a) is unconstitutional. Therefore, appellant claims that article 1970-166d is void in its entirety inasmuch as it contains no severability clause. Appellee has not chosen to brief this issue.

We overrule appellant's sole point of error.

Appellant relies upon the case of *Jordan v. Crudgington*, 149 Tex. 237, 231 S.W.2d 641 (1950), wherein the Supreme Court of Texas struck a provision in the statute in question (establishing a "Court of Domestic Relations in and for Potter County, Texas") which provided for a six-person jury in divorce cases. The Court found the provision to be in violation of TEX. CONST. art. I, sec. 15, and opined:

> The Act provides for a jury of six men. Our Constitution provides in Article I, Section 15, that 'The right of trial by jury shall remain inviolate.' The authorities are in general agreement that the meaning of the term 'jury' is a body of twelve members unless an express provision for a smaller number is contained in the Constitution. 31 Am.Jur., Jury, sec. 95; 35 C.J., Juries, sec. 10, 50 C.J.S., Juries, sec. 7. Article V, Section 13, of the Constitution provides for juries of twelve men in the district court, and Section 17 of the same Article provides for a jury of six men in the county court. There is no provision in the Constitution expressly prescribing the number of jurors in a court established by the Legislature under the authority of the amendment of 1891. In the absence of such a provision *the conclusion is inescapable that the*

*constitutional provision preserving the right of trial by jury requires that juries in courts of record, such as the court created by this Act, be composed of twelve men.* 31 Am.Jur., Jury, sec. 95. This ruling does not apply to justice and police courts. 31 Am.Jur., Jury, sec. 28; 50 C.J.S., Juries, sec. 77. Since the provision for a jury of six violates Article I, Section 15, of the Constitution, that provision is invalid.

*Jordan,* 231 S.W.2d at 646 (emphasis added). The Court concluded that since the statute contained a severability clause, the remainder of the statute was a valid exercise of the legislative power. *Id.* at 646–47.

As is evident, the *Jordan* court did not rely upon any case law for its conclusion that a jury in a legislatively created court must consist of twelve jurors. Rather, the authorities cited consist merely of three encyclopedic references: 31 AM.JUR. *Jury* sec. 95 (which reference material is unavailable to this court), 35 C.J. *Juries* sec. 10 (1924), and 50 C.J.S. *Juries* sec. 7 (1947). These latter two authorities provide as follows (all footnotes have been omitted):

> [Sec. 10] 2. Number of Jurors. *The term "jury" when used without any qualification, addition, or prefix imports a body of twelve men.* This was the meaning of the term at common law, and, unless otherwise provided, constitutional provisions guaranteeing or preserving the right to trial by jury have uniformly been construed as contemplating a jury of this number. In some jurisdictions the constitutions expressly provide that the jury must in certain cases consist of twelve persons. In other jurisdictions the constitutions provide for a jury of less than twelve in certain cases, or in certain courts, or provide that the legislature may enact laws regulating the number of jurors, or may make such regulations with respect to certain courts; but, except in cases where this number has been changed by statute under the authority of such a provision or waived by the parties, it

cannot be denied in any case where a jury trial is a constitutional right.

35 C.J. at 144–46 (emphasis added).

> Sec. 7.—Number of Jurors
>
> The term "jury" ordinarily imports a body of twelve men but constitutional provisions may provide for, or authorize the legislature to provide for, a jury of less than twelve in certain cases or in certain courts.
>
> *The term "jury," when used without any qualification, addition, or prefix, imports a body of twelve men. This was the meaning of the term at common law, and, unless otherwise provided, constitutional provisions guaranteeing or preserving the right to trial by jury have uniformly been construed as contemplating a jury of this number.* In some jurisdictions the constitutions expressly provide that the jury must in certain cases consist of twelve persons. In other jurisdictions the constitutions provide for a jury of less than twelve in certain cases, or in certain courts, or provide that the legislature may enact laws regulating the number of jurors, or may make such regulations with respect to certain courts; but, except in cases in which this number has been changed by statute under the authority of such a provision or waived by the parties, it cannot be denied in any case where a jury trial is a constitutional right, as discussed infra sec. 123.

50 C.J.S. at 720–21 (emphasis added).

Undoubtedly, *Jordan v. Crudgington* accurately reflected the state of the law as it existed at the time that case was decided in 1950. We must now determine if the meaning of the term "jury" has changed since that time. Although in the instant case there is no claim that article 1970–166d violates the United States Constitution, in view of the fact that the court in *Jordan* relied upon authorities which interpreted generally the requirements concerning the composition of a "jury," in our search for the current meaning of that term we look for guidance to two United

States Supreme Court cases that were decided subsequent to *Jordan.*

In 1970, the United States Supreme Court had the opportunity to address the issue of whether the guarantee of the sixth amendment of the United States Constitution of a trial by "jury" necessarily requires trial by exactly twelve persons, or whether a state law providing for trial by a six-person jury in a criminal case is constitutional. *See Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). After extensive discussion regarding the development of the right of trial by jury and the history of the traditional twelve-person jury, the Court upheld the state statute and stated:.

> We conclude, in short, as we began: *the fact that the jury at common law was composed of precisely 12 is a historical accident, unnecessary to effect the purposes of the jury system and wholly without significance 'except to mystics.' Duncan v. Louisiana, supra,* 391 U.S. [145] at 182, 88 S.Ct. [1444] at 1466 [20 L.Ed.2d 491 (1968) ] (Harlan, J., dissenting). To read the Sixth Amendment as forever codifying a feature so incidental to the real purpose of the Amendment is to ascribe a blind formalism to the Framers which would require considerably more evidence than we have been able to discover in the history and language of the Constitution or in the reasoning of our past decisions.... Our holding does no more than leave these considerations to Congress and the States, unrestrained by an interpretation of the Sixth Amendment that would forever dictate the precise number that can constitute a jury. Consistent with this holding, *we conclude that petitioner's Sixth Amendment rights,* as applied to the States through the Fourteenth Amendment, *were not violated by Florida's decision to provide a six-man rather than a 12-man jury.*

*Id.,* 399 U.S. at 102–03, 90 S.Ct. at 1907, 26 L.Ed.2d at 461–62 (emphasis added).

Shortly thereafter, the Court was confronted with the issue of whether the seventh amendment of the United States Constitution, which provides that "In Suits at common law ... the right of trial by jury shall be preserved ...," requires that a *civil* jury be composed of twelve members, and, therefore, whether a local federal rule of procedure providing that a jury in civil cases shall consist of six persons, was unconstitutional. *See Colgrove v. Battin,* 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). Adhering to the reasoning in *Williams,* the Court concluded that a six-person jury satisfies the seventh amendment's guarantee of "trial by jury" in civil cases. *See Colgrove,* 413 U.S. at 159–60, 93 S.Ct. at 2454, 37 L.Ed.2d at 530–31.

Somewhat surprisingly, there have not been any Texas cases since *Jordan* discussing whether a legislatively created court may have a six-person jury.[1] However, we discern no meaningful difference between the language of the United States Constitution guaranteeing the right to a "jury" trial in a criminal prosecution, the right of "trial by jury" in a suit at common law, and the guarantee of the Texas Constitution that "[t]he right of trial by jury shall remain inviolate." *Compare* U.S. CONST. amends. VI, VII *with* TEX. CONST. art. I, sec. 15. Therefore, inasmuch as the United States Supreme Court has determined that the term "jury" does not necessarily connote a body of twelve members under the United States Constitution, *see Williams,* 399 U.S. at 102–03, 90 S.Ct. at 1907, 26 L.Ed.2d at 461–62 and *Colgrove,* 413 U.S. at 159–60, 93 S.Ct. at 2454, 37 L.Ed.2d at 530–31, we find there is no Texas constitutional prohibition against the legislature providing that a county court at law may have a six-person jury. Accordingly, we hold that the provision in section 7(a) of article 1970–166d for a six-person jury does not violate the Texas Constitution.

We overrule appellant's second motion for rehearing.

---

1. For a discussion of cases from other jurisdictions, see Annotation, *Statute Reducing Number* *of Jurors as Violative of Right to Trial by Jury,* 47 A.L.R.3d 895 (1973).