**Affirm in part; Reverse and Render in part; Remand; Opinion Filed June 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01080-CV

## BRETT SHIPP, Appellant
## V.
## DR. RICHARD MALOUF AND LEANNE MALOUF, Appellees

On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-12-06268-C

## OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

Dr. Richard Malouf and his wife, Leanne Malouf, sued Brett Shipp for making an allegedly defamatory statement about Malouf in a television news broadcast. Shipp filed a plea to the jurisdiction and a motion to dismiss under the Texas Citizens Protection Act (TCPA), Chapter 27 of the Texas Civil Practices and Remedies Code. The trial court denied Shipp's plea and motion, and he appeals.[1] In five issues, he argues the trial court erred by denying the plea to the jurisdiction and the motion to dismiss, he established by a preponderance of the evidence that the Maloufs' action is based on the exercise of his rights of free speech and to petition under the TCPA, and that the Maloufs did not establish by clear and specific evidence a prima facie case

---

[1] This is an interlocutory appeal under section 51.014 of the civil practice and remedies code. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West Supp. 2013)).

for each essential element of their claims.

We conclude the trial court had subject matter jurisdiction, and thus affirm the trial court's denial of Shipp's plea to the jurisdiction. However, we also conclude that Shipp established this lawsuit relates to his exercise of the right of free speech, and the Maloufs failed to establish by clear and specific evidence a prima facie case for each essential element of their claims. Therefore, we reverse the trial court's order denying the motion to dismiss, render judgment dismissing appellees' claims against Shipp, and remand the case for further proceedings under TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a) (West Supp. 2013).

## BACKGROUND

Malouf, a dentist,[2] is the founder and former majority owner of All Smiles Dental Center, Inc. Shipp is an investigative reporter employed by WFAA. On June 26, 2012, WFAA broadcast a two-minute report by Shipp regarding allegations of Medicaid fraud in lawsuits against Malouf. Toward the end of that broadcast, Shipp stated Malouf "has yet to comment on the allegations but filed for bankruptcy and is in the process of divesting his once impressive empire." In fact, although All Smiles Dental Center, Inc. had filed for bankruptcy, Malouf had not filed for personal bankruptcy.

Malouf sued Shipp for defamation and conspiracy, alleging the statements about Malouf filing for bankruptcy and divesting assets were false. Shipp filed a plea to the jurisdiction arguing the county court at law lacked subject matter jurisdiction because it could not seat a twelve-person jury. He also filed a motion to dismiss under the TCPA, arguing Malouf's lawsuit was based on, related to, or was filed in response to Shipp's exercise of his right of free speech and the lawsuit should be dismissed unless they established by clear and specific evidence a

---

[2] The allegations and evidence in this appeal center on Malouf and not his wife. We refer to her only as necessary.

prima facie case for each essential element of their claims. After hearings and briefing by the parties, the trial court denied the plea to the jurisdiction and the motion to dismiss.

**JURISDICTION**

We first address Shipp's challenge to the trial court's subject matter jurisdiction. Shipp argued in his plea to the jurisdiction that because this case was filed in the county court at law, he was denied his claimed right to a twelve-person jury. However, this Court has expressly held that the size of a jury is not a jurisdictional matter. *In re Siemens Corp.*, 153 S.W.3d 694, 698 (Tex. App.—Dallas 2005, orig. proceeding). Jurisdiction refers to a court's authority to adjudicate a case. *Id.* The legislature has constitutional power to establish "such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." TEX. CONST. art. V, § 1. The legislature has exercised this authority by creating the county courts at law for Dallas County and granting them concurrent jurisdiction with the district courts regardless of the amount in controversy. TEX. GOV'T CODE ANN. § 25.0592(a) (West Supp. 2013). The size of a jury has no impact on a trial court's power to act in a particular case when jurisdiction has otherwise been conferred upon it. *Siemens Corp.*, 153 S.W.3d at 698. Therefore, the trial court did not err by denying the plea to the jurisdiction. *See also Rutledge v. Rutledge*, 720 S.W.2d 633, 635 (Tex. App.—Fort Worth 1986, no writ) ("Therefore, inasmuch as the United States Supreme Court has determined that the term 'jury' does not necessarily connote a body of twelve members under the United States Constitution, we find there is no Texas constitutional prohibition against the legislature providing that a county court at law may have a six-person jury.") (citations omitted).

We overrule Shipp's fifth issue.

**TCPA MOTION TO DISMISS**

To prevail on a TCPA motion to dismiss, the movant must show by a preponderance of

–3–

the evidence that the legal action "is based on, relates to, or is in response to the party's exercise" of free speech. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)(1). The "exercise of free speech" is defined as a "communication made in connection with a matter of public concern." *Id.* § 27.001(3). And as relevant to this appeal, a "matter of public concern" includes an issue related to (A) health or safety; (B) economic or community well-being; (C) the government; (D) a public figure; or (E) a service in the marketplace. *Id.* § 27.001(7)(A), (B), (C), (D), (E). If the movant satisfies this burden, then the trial court must dismiss the action unless the party who brought the legal action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

Shipp argues we should apply a de novo standard of review to the interpretation and application of the TCPA. Malouf does not disagree. We review the trial court's order de novo. *See Avila v. Larrea*, 394 S.W.3d 646, 652–53 (Tex. App.—Dallas 2012, pet. denied).[3]

## A. Exercise of Free Speech

We begin with whether Shipp met his burden to show Malouf's lawsuit was based on, related to, or filed in response to Shipp's exercise of his right of free speech. Although the parties disagree about several matters, the facts of the communication are undisputed. The following is a transcript of the June 26, 2012 WFAA broadcast concerning Malouf:

> GLORIA CAMPOS: Cash for crooked teeth. Texas taxpayers have paid out millions of dollars. Now the Texas Attorney General wants 30 million of it back from a Dallas dentist. The State is suing the dentist for fraud, all of it after a News 8 investigation. Channel 8's Brett Shipp has a follow-up tonight.
>
> BRETT SHIPP: Byron Harris' yearlong investigation into questionable Medicaid dental payments has exposed one of the largest dental

---

[3] Recently, this Court was presented with an argument that the application of the evidentiary standards described in the TCPA should be reviewed for factual sufficiency. *See Pickens v. Cordia*, No. 05-13-00780-CV, 2014 WL 2134540, at *2–3 (Tex. App.—Dallas May 22, 2014, no. pet. h.). In that case, we noted that every court of appeals to consider the question had applied a de novo standard of review. We concluded that under either standard of review, the movant had not met his burden under the first prong of the TCPA. *Id.*

–4–

overbilling scandals in the nation. One of the central figures in the investigation, Dallas dentist Richard Malouf, whose billing successes afforded him this multimillion-dollar mansion, corporate jets, and numerous luxury vehicles.

Now Attorney General Greg Abbott and his civil Medicaid fraud division have taken notice. The AG has filed two civil lawsuits accusing Malouf and his partners of violating state Medicaid laws. The court filings lay out the alleged scheme: dental clinics allegedly improperly recruiting welfare families, performing needless orthodontic work on the children, then billing the State for millions of taxpayer dollars.

Harris' investigation revealed Texas paid more in Medicaid orthodontic claims than the other 49 states combined. This past April, a congressional committee took note, . . . .

BRETT SHIPP: In addition to the congressional hearings, several key Medicare regulators in the state have announced resignations or been reassigned.

In March, Dr. Malouf agreed to pay $1.2 million to federal and state regulators in a settlement over questionable billing. He has yet to comment on the allegations but filed for bankruptcy and is in the process of divesting his once impressive empire. An attorney general spokesman said today their investigation is ongoing. Brett Shipp, Channel 8 News.

One of the disagreements between the parties centers on the scope of the court's inquiry in determining whether Malouf's lawsuit relates to a communication made in connection with a matter of public concern.  Malouf contends the only relevant fact for our analysis is the publication that Malouf "filed for bankruptcy and is in the process of divesting his once impressive empire."  He claims his personal financial status is not a matter of public concern. Shipp argues we must look to the entire broadcast in context to determine whether Chapter 27 applies.  We agree with Shipp.

The TCPA broadly defines the legal actions to which it applies as those based on, relating to, or filed in response to a party's exercise of the right of free speech, that is, a communication made in connection with a matter of public concern.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001(3), 27.003(a).  And a matter of public concern is defined broadly to include an issue

related to health or safety, economic or community well-being, the government, a public figure, or a service in the marketplace. *Id.* § 27.001(7). Thus, the legislature expressed its intent that the statute, enacted to protect the right of free speech, be construed broadly. *See id.* § 27.011(b) (statute to be "construed liberally to effectuate its purpose and intent fully.").

Malouf argues he does not complain about the entire broadcast, only the allegedly defamatory statements about personal bankruptcy and divesting assets. But in deciding whether the lawsuit is related to the exercise of free speech under the broad language of the TCPA, we must look to the context of the communication in which the allegedly defamatory statement is made. The communication here is the entire broadcast. Further, we must consider the broader context of the speech to know whether or not it relates to an issue identified an a matter of public concern by the legislature. We agree with Shipp that the entire communication—not just the allegedly defamatory portion—and the surrounding circumstances must be considered in determining whether the lawsuit relates to Shipp's exercise of his right of free speech.[4]

The record[5] indicates Malouf is the subject of a longstanding investigation into Medicaid fraud in this State and is a party to lawsuits where the attorney general is attempting to recover taxpayer dollars. The attorney general alleged Malouf and his partners violated State Medicaid laws by billing the State for unnecessary orthodontic work on children of welfare families. In this context, the complained-of statements were communications made in connection with an

---

[4] In conducting this analysis, we are not called on to determine the truth or falsity of the allegedly defamatory statement; that is a subject for the second part of the analysis under section 27.005(c). *See Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *5 (Tex. App.—Austin Apr. 11, 2014, no. pet. h.) (mem. op.) (determining whether communication meets statutory definition of exercise of free speech does not entail deciding whether speech is true); *In re Lipsky*, 411 S.W.3d 530, 543 (Tex. App.—Fort Worth 2013, orig. proceeding).

[5] The evidence in the record includes pleadings in lawsuits against Malouf, Malouf's motion for summary judgment and attached evidence filed in one of those lawsuits, a bankruptcy petition filed by All Smiles, several news reports about alleged Medicaid fraud involving orthodontic procedures, and a 2012 U.S. House of Representatives Committee on Oversight and Government Reform report on uncovering waste, fraud, and abuse in the Medicaid program.

issue related to the government's efforts to recover damages for Malouf's alleged violations of Medicaid laws.

We conclude the evidence shows the broadcast was a communication made in connection with an issue related to government efforts to curb Medicaid fraud and recover taxpayer dollars. Thus, it was an exercise of Shipp's right of free speech and Malouf's lawsuit is based on, relates to, or was filed in response to Shipp's exercise of that right. Shipp satisfied the first requirement for a motion to dismiss under section 27.005.[6]

## B. Prima Facie Case

We now address whether Malouf established by clear and specific evidence a prima facie case for each essential element of his claims against Shipp. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Generally, a "prima facie standard requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (internal quotations and citation omitted); *see also Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (applying this definition of "prima facie case" in Chapter 27 context). However, the TCPA requires the prima facie case for each essential element of every claim be established by clear and specific evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). The purposeful inclusion of this "clear and specific evidence" requirement indicates the non-movant must satisfy an elevated evidentiary standard under section 27.005(c). *See Young v. Krantz*, No. 05-13-00853-CV, 2014 WL 2210578, at *5

---

[6] Malouf contends Shipp is making a "comparing apples to oranges" argument. He argues the public concern issues of Medicaid fraud are oranges, but his personal financial status is an apple and not a matter of public concern. But this distinction is not helpful in resolving the issue before us. The analogy is of course divorced from the statutory standard we must apply. And Malouf's personal financial status becomes much more orange-like when considered in the context of government efforts to recover damages from him for alleged Medicaid fraud. We conclude Malouf's apples-to-oranges argument does not show Shipp failed to meet his burden under section 27.005(b).

–7–

(Tex. App.—Dallas May 28, 2014, no. pet. h.); *Better Bus. Bureau of Metro. Dallas v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied).

We first focus on whether Malouf established by clear and specific evidence a prima facie case for the element of damages in his claims against Shipp. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).

Malouf contends he was not required to prove actual damages because a false statement that a person filed bankruptcy is defamation per se and general damages are presumed in such cases. Shipp counters that a statement is defamation per se only if it injures a person in his office, profession, or occupation and the statement about bankruptcy does not injure Malouf's profession as a dentist. He asserts that the statement about bankruptcy was not defamation per se, and thus that Malouf was required to make a prima facie case that he was damaged as a result of the statement.

To recover damages for defamation, a plaintiff must prove the media defendant: "(1) published a statement; (2) that defamed the plaintiff; (3) while either acting with actual malice (if the plaintiff was a public official or public figure) or negligence (if the plaintiff was a private individual) regarding the truth of the statement." *Neely v. Wilson*, 418 S.W.3d 52, 61 (Tex. 2013). Defamation is classified as either defamation per se or per quod. *Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013). Defamation per se involves a statement that is so obviously hurtful to a plaintiff's reputation that the jury may presume general damages, including for loss of reputation and mental anguish. *Id.* A statement that injures a person in her office, profession, or occupation is typically classified as defamatory per se. *Id.* Defamation per quod is defamation that is not actionable per se. *Id.*

Historically defamation per se claims allowed the jury to presume the existence of general damages without proof of injury; however, the Constitution allows juries to do so only

where: (1) the speech is not public, or (2) the plaintiff proves actual malice. *Hancock*, 400 S.W.3d at 65–66. Nominal damages are recoverable for defamation per se, but not for defamation per quod. *Id*. at 65. General damages are noneconomic in nature, while special damages are economic in nature, such as for lost income. *Id*. at 63 n.4, 65. The plaintiff must always prove special damages in order to recover them. *Id.* at 66.

Whether a statement is capable of defamatory meaning from the perspective of an ordinary reader in light of the surrounding circumstances is a question of law for the court. *Hancock*, 400 S.W.3d at 66. Likewise, determining whether a statement is defamatory per se is first an inquiry for the court. *Id.* As applicable here, a statement is defamatory per se if it injures a person in his office, profession, or occupation.[7] *Id.*

In *Hancock*, a physician, Variyam, claimed a statement that he lacked veracity and dealt in half-truths was defamation per se. *Hancock*, 400 S.W.3d at 63. Quoting the RESTATEMENT (SECOND) OF TORTS § 573, the supreme court said a statement that injures a person in her profession is a statement that "ascribes to another conduct, characteristics or a condition that would adversely affect his fitness for the proper conduct of his lawful business, trade or profession, or of his public or private office, whether honorary or for profit." *Hancock*, 400 S.W.3d at 66. "Disparagement of a general character, equally discreditable to all persons, is not enough unless the particular quality disparaged is of such a character that it is peculiarly valuable in the plaintiff's business or profession." *Id*. at 67 (quoting RESTATEMENT (SECOND) OF TORTS § 573 cmt. e). Applying these principles, the supreme court concluded the statement that Variyam lacked veracity and dealt in half-truths did not adversely affect his fitness for proper conduct as a

---

[7] Other statements typically classified as defamation per se are false statements that charge a person with commission of a crime, impute sexual misconduct, or accuse a person of having a loathsome disease. *See Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 581 (Tex. App.—Austin 2007, pet. denied).

physician and was not defamatory per se.  *Id.*at 67–68.

The comments to the Restatement illustrate that defamatory statements may be actionable per se if the quality disparaged is "peculiarly valuable in the plaintiff's business or profession." RESTATEMENT (SECOND) OF TORTS § 573 cmt. e.  Thus, a statement questioning the solvency or honesty of a merchant in business is actionable per se, but the same statement about a stenographer is not.  *See* RESTATEMENT (SECOND) OF TORTS § 573 cmt. c (statement questioning solvency or honesty of merchant in business is actionable per se), cmt. e (statement that stenographer does not pay her bills not actionable per se, but same statement about a merchant would be actionable per se).

Malouf argues that a false allegation of bankruptcy is always defamation per se.  He cites several cases for this broad principle.  On examination, however, these cases show the rule is not so broad and is consistent with the supreme court's analysis in *Hancock*.  For example, in *Gulf Construction Co. v. Mott*, 442 S.W.2d 778 (Tex. Civ. App.—Houston [14th Dist.] 1969, no writ), the court explained that for words to be actionable per se, they must affect a person injuriously in his office, business, or profession.  *Id.* at 783.  To fall within this rule, "the words must 'touch' him in some way that is harmful to one engaged in his particular office, business or profession." *Id.* at 784.  The court concluded that a false charge of bankruptcy against a building contractor, who must rely on his credit, was injurious to his business or profession and actionable per se.  *Id.*

Similarly, in *Denton Publishing Co. v. Boyd*, 460 S.W.2d 881 (Tex. 1970), the supreme court stated that in absence of a privilege, "a false statement that a *merchant* is bankrupt has been held to be libelous per se."  *Id.* at 883 (emphasis added); *see also Hirshfield v. Ft. Worth Nat. Bank*, 83 Tex. 452, 457, 18 S.W. 743, 744 (1892) ("to charge a merchant or trader falsely with being a bankrupt . . . would present a case where the language should be held to be actionable *per se*").

These cases illustrate the principle stated in *Hancock*—to be defamatory per se, the words must adversely affect the plaintiff's fitness for the proper conduct of his business, trade, or profession. *See Hancock*, 400 S.W.3d at 66. The words must touch the plaintiff in a way harmful to one engaged in his particular business or profession. *See Mott*, 442 S.W.2d at 784. A merchant or building contractor will be touched in their profession by a false statement of bankruptcy, but not necessarily others. *See Boyd*, 460 S.W.2d at 883; *Hirshfield*, 83 Tex. at 457, 18 S.W. at 744; *cf.* RESTATEMENT (SECOND) OF TORTS § 573 cmt. e. Thus we reject Malouf's argument that a false charge of bankruptcy is always defamation per se.

In this case, the false allegation of personal bankruptcy does not touch Malouf in a way that is harmful to one engaged in the profession of dentistry. A statement that a dentist is personally bankrupt does not adversely affect the dentist's fitness to practice dentistry—he may be a great dentist but a bad businessman. Therefore, we conclude Shipp's statement about Malouf was not defamatory per se. *See Hancock*, 400 S.W.3d at 68. As a result, Malouf was required to establish by clear and specific evidence a prima facie case of actual damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *Hancock*, 400 S.W.3d at 65–66.

The only evidence of actual damages presented by Malouf is an undated e-mail from a contractor who was performing improvements to Malouf's home. In the e-mail, the contractor said, "We are very concerned about the status of this project because of the news articles that have been circulating about your legal issues. We will require final payment in full prior to completion of the [water] slides." Malouf cites nothing else in the record to support actual damages for the defamation claim. This e-mail makes no mention of Shipp's broadcast or the statement that Malouf had filed bankruptcy. The e-mail does not rise to the level of clear and specific evidence of actual damages to Malouf caused by the allegedly defamatory statement. We conclude the Maloufs failed to establish by clear and specific evidence a prima facie case for

each essential element of their defamation claim against Shipp.

With respect to Shipp's statement that Malouf was divesting himself of assets, Malouf makes no argument on appeal that the statement is defamation per se, and we conclude it is not. *See Hancock*, 400 S.W.3d at 66. Indeed, under the facts of this case we cannot reach a conclusion that the statement is defamatory. Neither does Malouf offer any evidence of actual damages resulting from this statement. We conclude Malouf failed to establish by clear and specific evidence a prima facie case for each essential element of his claim against Shipp based on this statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).

Neither of the allegedly defamatory statements is about Mrs. Malouf and she does not contend otherwise. *See Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960) (complained-of statement must reference plaintiff or be reasonably understood to do so by people knowing plaintiff); *Main v. Royall*, 348 S.W.3d 381, 394–95 (Tex. App.—Dallas 2011, no pet.). We conclude she failed to establish by clear and specific evidence a prima facie case for each essential element of a defamation claim against Shipp.

Shipp contends the Maloufs failed to present clear and specific evidence of their conspiracy claim. The Maloufs do not argue the conspiracy claim on appeal. We agree that the record does not contain clear and specific evidence to establish a prima facie case of the elements of conspiracy against Shipp.

## CONCLUSION

We conclude the trial court had subject matter jurisdiction over this case and properly denied Shipp's plea to the jurisdiction. We also conclude Shipp established this action is based on or relates to his exercise of his right to free speech and the Maloufs did not establish by clear and specific evidence a prima facie case for each essential element of their claims. Therefore, the trial court erred by denying Shipp's motion to dismiss under the TCPA. Accordingly, we

–12–

affirm the trial court's order denying the plea to the jurisdiction, reverse the trial court's order denying the motion to dismiss, render judgment dismissing the Maloufs' claims against Shipp, and remand for further proceedings under TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).


/Jim Moseley/
JIM MOSELEY
JUSTICE

131080F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRETT SHIPP, Appellant

No. 05-13-01080-CV    V.

DR. RICHARD MALOUF AND LEANNE
MALOUF, Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-12-06268-C.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant BRETT SHIPP's plea to the jurisdiction in **AFFIRMED**, the trial court's order denying appellant BRETT SHIPP's motion to dismiss is **REVERSED** and judgment is **RENDERED** that the claims of appellees DR. RICHARD MALOUF AND LEANNE MALOUF against appellant BRETT SHIPP are dismissed with prejudice to being refiled.  This case is **REMANDED** to the trial court to determine the amounts to be awarded appellant BRETT SHIPP pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 27.009.

It is **ORDERED** that appellant BRETT SHIPP recover his costs of this appeal from appellees DR. RICHARD MALOUF AND LEANNE MALOUF.

Judgment entered this 24th day of June, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE

–14–