In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00051-CV**
_____

**ABDALLAH SALAMAH AND TAMARA SALAMAH, Appellants**

**V.**

**SPRING TRAILS COMMUNITY ASSOCIATION, INC., Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-09-11758-CV**

**MEMORANDUM OPINION**

We issued our original memorandum opinion in this cause on December 6, 2018, and afterwards, the appellants filed a motion for rehearing en banc. The court denies the motion; however, the panel withdraws its opinion and substitutes this opinion in its place.

Abdallah Salamah and Tamara Salamah appeal from an interlocutory order denying their motion to dismiss a suit their homeowners' association brought against

1

them to enforce a restrictive covenant in the deed to their home. Spring Trails Community Association, Inc. (the Association), the Salamahs' homeowners' association, sued them after they allegedly violated the Association's demand to stop operating a daycare business in their home. In response to the suit, the Salamahs moved to have it dismissed based on the provisions in the Texas Citizens Participation Act (TCPA). In the motion, the Salamahs claimed that the Association sued in retaliation for their decision to exercise several of their First Amendment rights.[1]

The Salamahs raise three issues in their brief. They argue: (1) the TCPA applies to the Association's suit, (2) the Association failed to meet its burden to show that specific evidence existed supporting each of the elements of its claims, and (3) they established that valid affirmative defenses barred the Association's claims.[2] As to the Salamahs' first issue, we assume, without deciding, that the TCPA applies to

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) (West 2015) (providing a party with a right to move to dismiss a legal action that "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association"). We note that all of these rights are in the First Amendment. *See* U.S. CONST. amend. I.

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (West Supp. 2018) (permitting an interlocutory appeal from a trial court's ruling denying motions to dismiss, filed under the TCPA).

the Association's suit. As for issue two, we hold the record contains clear and specific prima facie proof supporting each element of the Association's claims. Regarding the Salamahs' third issue, we hold the Salamahs failed to conclusively show their affirmative defenses barred the Association from proceeding further on its claims.

Background

In September 2017, the Association sued the Salamahs claiming that based on the manner they were conducting a child daycare business in their home, they were violating restrictions in their deed. Later, the Salamahs moved to dismiss the Association's claims, arguing that by suing, the Association had infringed on their constitutional rights under the TCPA.[3] In their motion, the Salamahs acknowledged that the deed to their home contains some restrictions, including one that restricts the manner they may conduct a business in their home. In pertinent part, the restriction that burdens the Salamahs' deed provides:

> Owner or Occupant may conduct business activities within the Single Family Residence so long as: (a) the existence or operation of the business activity is not apparent or detectable by sight, sound, or smell from outside the Lot; (b) the business activity does not involve persons coming onto the Properties who do not reside in the Properties or door-to-door solicitation of residents of the Properties; and (c) the business activity is consistent with the residential character of the Properties and does not constitute a nuisance, or a hazardous or offensive use, or

---

[3] *See id.* § 27.001-.011 (West 2015).

3

threaten the security or safety of other residents of the Properties as may be determined in the sole discretion of the Board.

According to the Salamahs' motion, the Association could not enforce the restriction because they had been running a daycare business in their home for years, the Association's Board knew what they were doing, and the manner they were conducting the daycare business did not violate the restrictions in their deed. In the trial court, the Salamahs argued that the Association sued them for three reasons: (1) to retaliate against Abdallah for having criticized the Board about how it was being managed, (2) to punish Abdallah for having participated in a recall petition of the Board, and (3) to punish Abdallah for having announced that he was seeking a position on the Board. According to the Salamahs, the circumstances surrounding the Board's decision authorizing the Association's suit shows that the Board had retaliated against them by filing suit to punish them for exercising their First Amendment rights. Additionally, the Salamahs assert that the Association's claims should have been dismissed because they proved the Association's claims were barred by affirmative defenses. In response, the Association argued that its motivation in filing suit was not retaliatory, but that it filed suit so that it could pursue its own legal rights to enforce the restrictions in the Salamahs' deed.

The trial court conducted a hearing on the Salamahs' motion to dismiss in December 2017.[4] About four weeks later, the trial court denied the motion. After that, the Salamahs appealed and filed a brief. The Salamahs' brief concludes the trial court's order denying their motion to dismiss should be reversed.[5] They also contend

---

[4] The record does not include a court reporter's record from the hearing on the motion to dismiss. On this record, we presume the parties presented no additional evidence in the hearing except for the evidence on file with the District Clerk when the hearing occurred. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) (explaining that appellate courts, absent indications showing otherwise, generally presume that any pretrial hearings were non-evidentiary and that the only evidence the trial court considered in deciding the matter is that evidence that had been filed with the clerk). Here, the trial court considered the following evidence when it ruled on the Salamahs' motion: (1) the Association's petition for injunctive relief and civil damages, which included an affidavit signed by a homeowner who lives in Spring Trails; (2) the declaration of covenants, conditions and restrictions on Spring Trails homes; (3) minutes from the Board's May 2017 meeting; (4) an affidavit from the Association's agent, which establishes that the Salamahs' home is in Spring Trails and governed by restrictions that address the rights of homeowners to operate businesses in their homes; (5) an affidavit from the Association's attorney, which addressed the attorney's fees the Association incurred for responding to the Salamahs' motion to dismiss; (6) two affidavits signed by Abdallah, with exhibits, containing his account of the circumstances that existed when the Association sued; (7) an affidavit signed by Tamara, with exhibits, which is consistent with Abdallah's affidavits about what she believes led to the suit; (8) an affidavit signed by Raul Rodriguez, a member of the Board, stating that, in his opinion, the business the Salamahs operate from their home is not a nuisance; (9) an affidavit signed by the Salamahs' attorney, stating the amount of the fees the Salamahs incurred in prosecuting their motion to dismiss; and (10) an affidavit signed by Louis Di Stefano, a former member of the Board, with exhibits, which explain that Abdallah signed a petition favoring the Board's recall before the Association sued.

[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12).

the Association's suit should be dismissed. We note our jurisdiction over the parties and the appeal.[6]

## Standard of Review

Appellate courts use a *de novo* standard when reviewing rulings on motions to dismiss that are subject to the statutory requirements in the TCPA.[7] In reviewing rulings denying such motions, appellate courts consider the pleadings and the evidence the trial court considered when the trial court decided the motion.[8]

The TCPA contains a two-step procedure to expedite the dismissal of claims that a party has filed to intimidate or to silence another from exercising their First Amendment rights.[9] First, a defendant relying on the TCPA to seek a dismissal of a plaintiff's suit must show, by a preponderance of the evidence, that the claim "is based on, relates to, or is in response to the [defendant's] exercise of: (1) the right of

---

[6] *See id.* § 27.008(a).

[7] *See id*. § 27.006; *see also Shipp v. Malouf*, 439 S.W.3d 432, 437 (Tex. App.—Dallas 2014, pet. denied); *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

[8] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006; *In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015).

[9] *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

free speech; (2) the right to petition; or (3) the right of association."[10] Second, if the defendant moving for dismissal shows that the plaintiff's claims implicate the defendant's First Amendment rights, the burden shifts to the party that filed the suit, to establish by clear and specific evidence a prima facie case for each essential element of the claim the defendant has challenged in its motion.[11]

Analysis

For convenience, we address the Salamahs' second issue before addressing their other issues. In issue two, the Salamahs argue the Association failed to present the trial court with prima facie proof that the business they operate in their home violates the restrictions in their deed. Before analyzing issue two, we note the Salamahs do not dispute that the declarations governing their right to operate a

___

[10] Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b); *see Coleman*, 512 S.W.3d at 898.

[11] Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *see Coleman*, 512 S.W.3d at 899. A prima facie case "is the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Lipsky*, 460 S.W.3d at 590 (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (per curiam)). "The words 'clear' and 'specific' in the context of this statute have been interpreted respectively to mean, for the former, unambiguous, sure, or free from doubt and, for the latter, explicit or relating to a particular named thing." *Id.* at 590 (internal citations omitted). For these reasons, a party may not simply rely on "notice pleading—that is, general allegations that merely recite the elements of a cause of action[;]" instead, the party must "provide enough detail to show the factual basis for its claim." *Id.* at 592-93.

7

business in their home were duly filed.[12] Nor do the Salamahs dispute that their deed contains a restriction burdening how they may conduct a business in their home.[13]

One of the provisions in the declarations addresses how the Board is to determine whether a homeowner's operation of a home-based business violates the restrictions in the deeds to the homes in Spring Trails. According to the declarations, whether a homeowner's business violates a restriction is "determined in the sole discretion of the Board." The declarations also allow the Association to maintain lawsuits to enforce restrictions like the one at issue in this appeal. Although the Salamahs allege the Association failed to promptly sue them to enforce the deed and thereby waived its right to enforce the restriction, the declarations provide that the "failure of the Association to enforce such provisions shall in no event be deemed a waiver of the right to do so thereafter."

---

[12] The record before the trial court includes a copy of the declarations. The last page of the declarations shows that the declarations were filed in Montgomery County's real property records in October 2002.

[13] Under the Texas Property Code, "restrictive covenant" is defined as "any covenant, condition, or restriction contained in a dedicatory instrument, whether mandatory, prohibitive, permissive, or administrative." Tex. Prop. Code Ann. § 202.001(4) (West 2014). Under Texas law, "restrictive covenants are subject to the general rules of contract construction." *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998).

Under the Texas Property Code, a homeowners' association may exercise "discretionary authority" to enforce a restrictive covenant, and if it does so, the Association's conduct is presumably "reasonable[,] unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory."[14] The evidence the Association presented in response to the Salamahs' motion shows that the Association filed a facially valid claim seeking to have a factfinder determine whether the Salamahs were operating a daycare business in a manner that violated the restrictions in their deed. For example, the evidence the Association filed when it responded to the Salamahs' motion reveals that the Association conducted an investigation into the manner the Salamahs were operating their business. Included in the Association's evidence is an affidavit signed by a homeowner in Spring Trails. The homeowner's affidavit reflects that the homeowner personally observed the Salamahs' daycare operation: the individual who signed the affidavit states that the business constitutes "a nuisance that affects my ability to enjoy my property."

Following the investigation, three of the five members of the Association's board voted to turn the matter over to an attorney to file legal proceedings so the

---

[14] Tex. Prop. Code Ann. § 202.004(a) (West 2014).

restriction in the deed restricting home-based businesses could be enforced. Finally, the evidence the Association filed in the trial court shows that the Association sued the Salamahs after the Board retained an attorney to sue the Salamahs on the Association's behalf.[15]

While the Salamahs raise several arguments to suggest that the Association failed to present sufficient evidence to show the Association's claims have merit,[16] the evidence before the trial court allowed it to conclude that the Association has prima facie proof to establish the elements needed to prove its case. For that reason, we overrule that arguments the Salamahs advance in their second issue.

In issue three, the Salamahs argue they have established affirmative defenses that bar the Association from having a factfinder determine whether the

---

[15] *Id.* § 209.0051(h)(4) (West Supp. 2018) (requiring board action before a property owners' association may file suit to enforce a restriction of the type at issue here).

[16] For example, the Salamahs suggest that the Association failed to prove that it suffered any damages, one of the elements of its claims. Under the Texas Property Code, however, a trial court may assess "civil damages for the violation of a restrictive covenant in an amount not to exceed $200 for each day of the violation." *See id.* § 202.004(c) (West 2014). Thus, the Association's right to recover civil damages does not depend on the Association proving that actual damages resulted from the type of violation at issue in the suit. *See Uptegraph* v. *Sandalwood Civic Club*, 312 S.W.3d 918, 937-38 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Association's claims have merit.[17] The evidence in the record, however, shows that fact issues exist on whether the violations the Association complains about in the suit have been continuous or whether the violations complained about occurred within the statutorily prescribed period for filing suit.[18] Here, it is the manner in which the Salamahs operate their home business that the Association claims violated the restrictions, and whether and when the violations occurred (and whether such violations were continuous) are fact issues that must be decided in a trial in order for a court to determine if the statute of limitations applies.[19] While the Salamahs also raised waiver and estoppel as affirmative defenses to the Association's suit, we note

[17] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d) (West 2015) (providing that, even if the nonmovant's establishment of a prima facie case on its claim, "the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim").

[18] The statute of limitations for a lawsuit to enforce deed restrictions is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015); *see also Girsh v. St. John*, 218 S.W.3d 921, 925 (Tex. App.—Beaumont 2007, no pet.).

[19] *See Fox v. O'Leary*, No. 03-11-00270-CV, 2012 WL 2979053, at *6 (Tex. App.—Austin July 10, 2012, pet. denied) (mem. op.) (explaining that "once a violation of a restrictive covenant has ceased, the enforceability of the restrictive covenant is renewed, and limitations does not bar enforcement of any future violations"); *Daniels v. Balcones Woods Club, Inc.*, No. 03-03-00310-CV, 2006 WL 263589, at *5 (Tex. App.—Austin Feb. 2, 2006, pet. denied) (mem. op.) ("When a restrictive covenant is initially violated, but that violation ceases, limitations does not bar future enforcement of the covenant.").

11

the declarations that burden the Salamahs' deed provide that the Association's failure to enforce a restriction "shall in no event be deemed a waiver of the right to do so thereafter." For these reasons, the Salamahs failed to conclusively show that their affirmative defenses barred the Association's claims.[20] We overrule issue three.

## Conclusion

The Legislature enacted the TCPA to "summarily dispose of lawsuits designed" to chill First Amendment rights, but it did not design the statute "to dismiss meritorious lawsuits."[21] We have assumed the TCPA applies to the circumstances of this case, so we need not address the arguments the Salamahs raise in their first issue.[22] For the reasons explained above, we affirm the trial court's order denying the Salamahs' motion to dismiss.

AFFIRMED.

_____
HOLLIS HORTON
Justice

---

[20] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

[21] *Lipsky*, 460 S.W.3d at 589.

[22] *See* Tex. R. App. P. 47.1 (allowing the court of appeals to limit its discussion of the issues to resolving the issues that are necessary to the court's final disposition of the appeal).

Submitted on June 27, 2018
Opinion Delivered February 21, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.