**2026 Tex. Bus. 2**



**The Business Court of Texas,
First Division**

| | |
|---|---|
| FIBERWAVE, INC., f/k/a SPEARHEAD CONSULTING, INC., §§§ *Plaintiff*, | |
| v. | |
| AT&T ENTERPRISES, LLC, f/k/a AT&T CORP., *Defendant/Counter-Plaintiff*, | Cause No. 25-BC01A-0013 |
| v. | |
| FIBERWAVE, INC., f/k/a SPEARHEAD CONSULTING, INC., SPEARHEAD NETWORKS TECH, INC., FAISAL CHAUDHRY, and CHRIS PERCY, *Counter-Defendants*. | |

FIBERWAVE, INC., f/k/a §
SPEARHEAD CONSULTING, INC., §
　　*Plaintiff*, §
v. §
AT&T ENTERPRISES, LLC, f/k/a §
AT&T CORP., §
　　*Defendant/Counter-Plaintiff*, §　Cause No. 25-BC01A-0013
v. §
FIBERWAVE, INC., f/k/a §
SPEARHEAD CONSULTING, INC., §
SPEARHEAD NETWORKS TECH, §
INC., FAISAL CHAUDHRY, and §
CHRIS PERCY, §
　　*Counter-Defendants*. §

---

## Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment on Plaintiff's Defamation Claim

---

¶1　Before the Court is Defendant *AT&T Enterprises, LLC's Traditional and No-Evidence Motion for Summary Judgment on Plaintiff's Defamation Claim* and attendant briefing. Defendant chiefly argues that Plaintiff has proffered no evidence of a false, defamatory statement or that

AT&T knew or should have known of its falsity. *See* AT&T's Motion at p. 1. Concluding that the summary judgment record reflects no evidence of either element, the Court GRANTS Defendant's motion.

## I.    Applicable Legal Standard

¶2    After adequate time for discovery, a party may move for summary judgment on an opposing party's claims on no-evidence grounds. Tex. R. Civ. P. 166a(i); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). Such a motion "puts the burden on the nonmovant 'to present evidence raising an issue of material fact as to the elements specified in the motion.'" *State v. Three Thousand, Seven Hundred Seventy-Four Dollars and Twenty-Eight Cents U.S. Currency ($3,774.28)*, 713 S.W.3d 381, 387 (Tex. 2025) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

¶3    A trial court will grant a no-evidence motion if "there is a complete absence of evidence of a vital fact," or when "the evidence offered to prove a vital fact is no more than a mere scintilla." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118

S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## II.    Summary of AT&T's Motion

¶4    By its suit, Fiberwave alleges that the following statement—communicated via email by AT&T to its "solution providers" on April 3, 2024—constituted textual defamation by implication:[1]

> Acting with integrity and doing the right thing are part of our culture. These values underpin how we operate and upholding them can require making difficult business decisions. We want to let you know that we have decided to end our business relationship with one of our Alliance Channel partners, specifically Spearhead Consulting, also known as FiberWave and related entities (collectively, "Spearhead").

Fiberwave's Response Ex. 1-A at p. 2. Fiberwave claims that this statement "cunningly implied that Fiberwave's business was not conducted with integrity or with doing the right thing in mind, and AT&T was thus forced to terminate its business with Fiberwave." Fiberwave's Response at ¶ 10.

¶5    AT&T primarily moves for judgment on Fiberwave's defamation claim on no-evidence grounds. To prevail on a cause of action for defamation,

---

[1] Fiberwave alleges that AT&T reiterated its defamatory statement in a second email on April 18, 2025. The second email is subject to an agreed protective order. The allegedly-defamatory content in the two emails is substantially the same, making the application of the law the same for both communications.

a plaintiff must prove "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). AT&T's motion challenges Fiberwave's claim on the second and third elements.[2] *See* AT&T's Motion at p. 1.

## III.   Analysis

### A.    A False and Defamatory Statement

¶6    AT&T contends Fiberwave has "no evidence that AT&T published a false and defamatory statement." AT&T's Motion at p. 3. The Court agrees. The statements by AT&T about which Fiberwave complains are not objectively verifiable and therefore, as a matter of law, are not defamatory.[3] Further, Fiberwave proffered no evidence of this element,

---

[2] AT&T's motion first sought traditional summary judgment by challenging Fiberwave's standing and lastly argued that Fiberwave had no evidence of damages. *See* AT&T's Motion at p. 1. AT&T subsequently abandoned its first argument, leaving only the no-evidence motion before the Court. *See* AT&T's Reply at p. 2, n. 1. And as acknowledged by AT&T in its Reply, the Court need not reach the issue of damages. *See id.*

[3] Fiberwave argues that AT&T failed to raise "the objectively verifiable fact ground in [its] motion." But a movant for no-evidence summary judgment need only identify the challenged elements to provide adequate notice to the non-movant. *See State*, 713 S.W.3d at 388. Whether a statement is objectively verifiable goes directly to the element of the existence of a false and defamatory statement, which AT&T's motion expressly challenged. *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 638 (Tex. 2018) (noting that "statements that are not verifiable as false are not defamatory" (internal quotation omitted)). Thus, the issue was sufficiently raised by AT&T's motion.

offering only a conclusory declaration expressing opposing opinions. Accordingly, judgment for AT&T on this issue is warranted.

¶7    To be defamatory, a statement must be verifiable as false. *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 638 (Tex. 2018); *see Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023) (distinguishing between defamatory statement and opinion). A court assaying the verifiability of a challenged statement will take into consideration the type of writing in which the statement was made and pay particular attention to the context in which the statement was made. *See Dallas Morning News*, 554 S.W.3d at 639. This is so because "even when a statement *is* verifiable as false, it does not give rise to liability if the 'entire context in which it was made' discloses that it is merely an opinion masquerading as fact." *Id.* (quoting *Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002)). Whether an allegedly defamatory statement is "a verifiable falsity is a question of law." *Lilith Fund*, 662 S.W.3d at 363.

¶8    AT&T argues that under existing precedent the challenged statements are not defamatory because they involve an opinion—an "individual judgment that rests solely in the eye of the beholder." AT&T Reply at p. 3 (quoting *Avila v. Larrea*, 394 S.W.3d 646, 659 (Tex. App.—

Dallas 2012, pet. denied)). AT&T points the Court to numerous cases in which courts held that sentiments akin to those allegedly implied by AT&T's emails were not actionable defamation. *See id.* at pp. 3-4 (citing, among others, *Paulsen v. Yarrell*, 537 S.W.3d 224, 237 (Tex. App.—Houston 2017, pet. denied) ("grave breach of legal ethics"); *Neurodiagnostic Consultants, LLC v. Villalobos*, No. 03-18-00743-CV, 2019 WL 4892220, at *4 (Tex. App.—Austin Oct. 4, 2019) (mem. op.) ("dirty"), *McConnell v. Coventry Health Care Nat'l Network*, No. 05-13-01365-CV, 2015 WL 4572431, at *10 (Tex. App.—Dallas July 30, 2015, pet. denied) (mem. op.) ("unprofessional"); *Ruder v. Jordan*, No. 05-14-01265-CV, 2015 WL 4397636, at *5 (Tex. App.—Dallas July 20, 2015, no pet.) (mem. op.) ("incompetent" or "mentally unstable"); *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *7 (N.D. Tex. Dec. 29, 2015) (mem. op.) ("untrustworthy, sloven, lazy and unproductive," "unreliable")).

¶9     For its part, Fiberwave relies on *Cullum v. White*, 399 S.W.3d 173 (Tex. App.—San Antonio 2011, pet. denied), for the proposition that honesty,

integrity, and ethics *are* objectively verifiable.[4] But in *Cullum*, the defendant did not *just* impugn plaintiffs' honesty, integrity, or ethics. Rather, in conjunction with such aspersions, the defendant published "facts" in support thereof capable of verification, including going so far as to accuse plaintiffs of "illegal activity." *See id.* at 183. Defendant's communications charged plaintiffs with specific actions including "shooting and killing a Mexican transient on the Ranch," "us[ing] a four wheeler to chase the animals around the Ranch," "ignoring illegal activity," and the like as factual predicates for broader comments on plaintiffs' business operations. *Id.* at 182-83. The court did not indicate whether general denunciations of plaintiffs' ethics would still be actionable in the absence of their accompanying factual contexts. *See generally id.* And the instant case does not compare.

¶10 AT&T's allegedly-defamatory statements—even assuming they imply, as Fiberwave contends, that Fiberwave lacks honesty and integrity and

---

[4] Fiberwave also cites *Shipp v. Malouf*, 439 S.W.3d 432 (Tex. App.—Dallas 2014, pet. denied), for the proposition that "questioning the solvency or honesty of a merchant in business is actionable [defamation] per se." *Id.* at 440. But *Shipp* involved a false public statement that a dentist had declared bankruptcy and whether that constituted defamation per se. *See id.* at 441. The case did not involve statements about (dis)honesty, nor did the court delve into what constitutes objective verifiability. *See generally id.* Moreover, the same court, the following year, held that a defendant's comment calling plaintiff "unprofessional" was "merely opinion and not an objectively verifiable fact." *McConnell*, 2015 WL 4572431, at *10. Thus, *Shipp* is not persuasive.

does not do the right thing—communicated no allegations of any verifiable act or omission by Fiberwave. The significance of this is best illustrated by Fiberwave's sole evidence of the falsity of AT&T's statements: a declaration from Fiberwave's CEO, Chris Percy, asserting—equally generally—that "Fiberwave operated, and continues to operate, its business with honesty and integrity" and that "Fiberwave also emphasized, and continues to emphasize, doing the right thing as part of its culture and business." Fiberwave's Response Ex. 1 at ¶ 8; Fiberwave's Response at ¶ 43. What is missing is a yard stick (*i.e.*, verifiable facts) by which any reasonable fact-finder could measure the veracity of the conclusory statements.

¶11 The absence of verifiable facts in Percy's declaration renders it of no evidentiary value. *See, e.g., In re Lipsky*, 460 S.W.3d at 592-93 (stating that "[b]are, baseless opinions do not create fact questions" and that "[o]pinions must be based on demonstrable facts and a reasoned basis"). "[A]n affidavit that is nothing more than a sworn repetition of allegations in the pleadings has no probative force, as the statements are no more than conclusions or a mere surmise or suspicion." *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Percy's declaration simply re-states, in the negative,

AT&T's implied message—according to Fiberwave, broad generalizations assailing its integrity. Thus, it amounts to no evidence of a false or defamatory statement.

¶12 In sum, the Court is persuaded by AT&T's argument that the implications of AT&T's emails—assuming they are what Fiberwave alleges—reflect only non-verifiable opinions, or beliefs that lie "in the eye of the beholder." *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 511 (Tex. App.—Tyler 2008, pet. denied); *see also Schauer v. Mem'l Care Sys.*, 856 S.W.2d 437, 446 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ("A statement may be false, abusive, unpleasant, and objectionable to the plaintiff without being defamatory."). Honesty, integrity, and doing the right thing are similar concepts to those found to be "somewhat indefinite and ambiguous" and susceptible to variance "from person to person." *See Palestine Herald-Press*, 257 S.W.3d at 511-12. But even if they could be proven objectively, Percy's declaration attempting to refute AT&T's statements is wholly conclusory and amounts to no evidence. For these reasons, the Court GRANTS summary judgment in favor of AT&T on Fiberwave's defamation claim.

## B.    Negligence

¶13    AT&T's motion also challenged Fiberwave's ability to prove the requisite degree of fault, here: negligence. *See In re Lipsky*, 460 S.W.3d at 593. "[T]he defendant is negligent if it knew or should have known a defamatory statement was false." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 440 (Tex. 2017) (internal quotation omitted).

¶14    In its Reply, AT&T correctly notes that "Fiberwave's response is devoid of any evidence (or even argument) that AT&T knew or should have known that the challenged statement was false and defamatory." AT&T's Reply at p. 5. At the December 17 hearing, Fiberwave orally referenced evidence outside the summary judgment record attempting to establish that AT&T knew Fiberwave was, in a sense, *not unethical or criminal*—which is distinguishable from proof of honesty or integrity (that is, differentiating the absence of bad acts from the existence of good or noble ones). But the Court only considers evidence expressly referenced in the response to the motion. *See Lance v. Robinson*, 543 S.W.3d 723, 732 (Tex. 2018) (approving consideration of evidence not attached to summary-judgment motion only when "expressly 'referenced and specified'" in motion); *De La Garza v. Bank*

*of N.Y. Mellon*, No. 02-17-00427-CV, 2018 WL 5725250, at *3 (Tex. App.—Fort Worth Nov. 1, 2018, no pet.) (mem. op.).

¶15 While summary judgment in favor of AT&T is already supported by the Court's determination that the alleged statements are not objectively verifiable and that Fiberwave failed to adduce any evidence of a false and defamatory statement by AT&T, this second basis further supports the granting of AT&T's motion. Accordingly, on the additional grounds that Fiberwave offered no evidence of the requisite degree of fault, the Court GRANTS summary judgment in favor of AT&T on Fiberwave's defamation claim.

**IV.   Order**

¶16   IT IS THEREFORE ORDERED that Defendant *AT&T Enterprises, LLC's Traditional and No-Evidence Motion for Summary Judgment on Plaintiff's Defamation Claim* is GRANTED.

ANDREA K. BOURESSA
Judge of the Texas Business Court,
First Division

SIGNED ON: January 8, 2026.